Rimkus Consulting Group v. Phillips















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-220-CV

     RIMKUS CONSULTING GROUP, INC.,
                                                                         Appellant
     v.

     HAROLD F. PHILLIPS,
                                                                         Appellee
 

From the 113th District Court
Harris County, Texas
Trial Court # 9820275
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      The facts presented by this case bring us squarely within footnote 14 in Light. Light v. Centel
Cellular Co. of Texas, 883 S.W.2d 642, 647 (Tex. 1994). As I understand Light, it is not enough
that the covenant not to compete is one of the provisions in an otherwise enforceable employment
contract. As noted in Light: “Although Light and United did have an otherwise enforceable
agreement between them, the covenant was not ancillary to or a part of the otherwise enforceable
agreement.” Id. at 643.
      In Light, the Court had stated that in reference to the meaning of “ancillary to or part of,” “or
part of” means more than merely in the same instrument. Light, 883 S.W.2d at 647, n. 12. In
analyzing the meaning of the Texas statute, and in particular the meaning of “ancillary to or part
of,” the Texas Supreme Court adopted the rationale from Justice Stevens in his dissenting opinion
in Business Electronics v. Sharp Electronics, 485 U.S. 717, 739-41 & n. 3, 744-46, 99 L.Ed.2d
808, 108 S.Ct. 1515, 1527-1529 & n. 3, 1528-1529 (1988)(Stevens, J., dissenting). Id. at 647. 
The focus was on whether the covenant not to compete was ancillary to an “otherwise enforceable
agreement.” Id. at 647.
      The Court went on to hold that to be ancillary to the agreement, the covenant must be
designed to enforce the promise. In the words of the Court:
The designed-to-enforce-a-contractual-obligation standard for assessing whether a
covenant is ancillary to an otherwise enforceable agreement, is consistent with our
previous decisions regarding the permissible scope of a valid restraint of trade. The
otherwise enforceable agreement must give rise to the "interest worthy of protection" by
the covenant not to compete. DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 682 (Tex.
1990) (citing § 187 comment b of the RESTATEMENT and noting that business goodwill
and confidential or proprietary information are examples of such worthy interests). 
Therefore, in order for a covenant not to compete to be ancillary to an otherwise
enforceable agreement between employer and employee:
 
(1) the consideration given by the employer in the otherwise enforceable agreement must
give rise to the employer's interest in restraining the employee from competing; and
 
(2) the covenant must be designed to enforce the employee's consideration or return
promise in the otherwise enforceable agreement. (FN14)
 
Unless both elements of the test are satisfied, the covenant cannot be ancillary to or
a part of an otherwise enforceable agreement, and is therefore a naked restraint of trade
and unenforceable.

Id.
      This brings us to footnote 14. In footnote 14, the Court made the following statement:
Thus if an employer gives an employee confidential and proprietary information or
trade secrets in exchange for the employee's promise not to disclose them, and the parties
enter into a covenant not to compete, the covenant is ancillary to an otherwise
enforceable agreement because:
 
(1) the consideration given by the employer [the trade secrets] in the otherwise
enforceable agreement [exchange of trade secrets for promise not to disclose] must give
rise to the employer's interest in restraining the employee from competing [employer has
interest in restraining employee with knowledge of employer's trade secrets from
competing] and
 
(2) the covenant must be designed to enforce the employee's consideration or return
promise [the promise not to disclose the trade secrets] in the otherwise enforceable
agreement.

Id. n. 14.
      In this case, Rimkus promised Phillips access to information about certain methods of doing
business, and information which they agreed were trade-secrets and proprietary. The covenant
not to compete was designed to enforce Phillips’s promise not to disclose Rimkus’s trade-secrets
and proprietary information which Rimkus promised to disclose to Phillips when hired. The trial
court erred in holding that this covenant not to compete was an unenforceable restraint on trade. 
The majority reached this same result but stopped short of the full analysis required under Light. 
Thus, I concur in the judgment, but not the analysis, of the majority.

                                                                         TOM GRAY
                                                                         Justice

Concurring opinion delivered and filed January 8, 2003
Publish



 would be co-tenants of the
property. To claim title by adverse possession against the Banks, co-tenants, Bonner must
conclusively show that he repudiated their title in such a manner as to bring the repudiation to their
attention. See Sebesta v. Daniels, 812 S.W.2d 641, 645 (Tex. App.—Houston [14th Dist.] 1991,
writ denied); Spiller v. Woodard, 809 S.W.2d 624, 627-28 (Tex. App.—Houston [1st Dist.] 1991,
no writ). Nothing in the record demonstrates that Bonner carried this burden, which would have
triggered the five-year limitations period. See Tex. Civ. Prac. & Rem. Code Ann. § 16.025
(Vernon 1986). Thus, the court did not err by denying Bonner's motion for summary judgment
on this ground. Point four is overruled.
      Finally, in points two and five, Bonner complains about the court's failure to hold a hearing
on his motion for new trial and failure to file findings of fact and conclusions of law. We overrule
these two points because, given our disposition of his first point, they are moot.
      The summary judgment of the trial court granted in favor of Presidio and the Banks is
reversed and this cause is remanded for further proceedings.
 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed November 30, 1994
Do not publish