Justo AMADOR, Appellant,

v.

Felipe BERROSPE, Sr., Appellee.

No. 01–96–00054–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 12, 1996.

Rehearing Overruled Aug. 4, 1997.

George Gordon, Conroe, for appellant.

Rae V. Calvert, Houston, for appellee.

Before BASS, MIRABAL and O'CONNOR, JJ.

## OPINION

BASS, Justice(Retired)[1].

The appellant, Justo Amador ("Justo"), claimed a 1/8 interest in a house located in Harris County, Texas. The appellee, Felipe Berrospe, Sr. ("Berrospe"), claimed full title to the house. Berrospe sued Justo, seeking a judgment that he owned the 1/8 interest Justo claimed. After a bench trial, the trial judge entered judgment in favor of Berrospe and divested Justo of the 1/8 interest he claimed. On appeal, Justo argues (1) there is no evidence to support the trial court's finding that Berrospe and his wife took the land as beneficiaries of a resulting trust; (2) the evidence is insufficient to sustain the judgment; and (3) the trial court erred in overruling Justo's objections to evidence regarding medical expenses paid by Berrospe and payments on the house made by Berrospe. We reverse.

## FACTS

Berrospe and his wife, Petra Amador Berrospe ("Petra"), purchased a house located in Houston, Texas, with community funds. The warranty deed, however, conveyed the house to Petra and her father, Amado Amador ("Mr.Amador"). Petra's parents ("Mr. and Mrs. Amador") lived in the house.

Mr. and Mrs. Amador died intestate having four surviving children: Petra, Justo, Delores, and Lupe. Upon Mr. Amador's death on April 27, 1979, his 1/2 interest in the house vested by definition of law, in equal portions, in his four children. Accordingly, Justo, Delores, and Lupe each acquired a 1/8 interest in the house. Because Petra already owned a 1/2 interest in the house, her total ownership then equaled 5/8.

Petra died intestate on June 24, 1990. Phillip Berrospe, Jr., was the only child of her marriage. Phillip deeded, by quitclaim, any interest he owned in the house to his father, Berrospe. Petra's sister and brother, Delores and Lupe, deeded, under special warranty deeds, their 1/8 interest in the house to Berrospe. Berrospe, therefore, had a 7/8 interest in the house. Petra's other brother, Justo, refused to quitclaim the remaining 1/8 interest.

1. The Honorable Sam H. Bass, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

## STANDARD OF REVIEW

■ Justo challenges the trial court's findings of fact and conclusions of law. In an appeal from a bench trial, findings of facts have the same weight as a jury's verdict upon special issues. *IFG Leasing v. Ellis,* 748 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1988, no writ). Findings of fact are not conclusive, however, when a complete statement of facts appears in the record. *Pontiac v. Elliott,* 775 S.W.2d 395, 399 (Tex.App.—Houston [1st Dist.] 1989, writ ref'd). Findings of fact, therefore, are binding on this Court only if supported by evidence of probative force. *Spiller v. Woodard,* 809 S.W.2d 624, 627 (Tex.App.—Houston [1st Dist.] 1991, no writ).

■ The trial court's findings of fact are reviewable for sufficiency of the evidence to support them. *Id.* The standard used is the same as that applied in reviewing the legal sufficiency of the evidence supporting a jury's answer to a jury question. *Id.; MCZ, Inc. v. Smith,* 707 S.W.2d 672, 678 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Although a trial court's conclusions of law may not be challenged for factual insufficiency, the trial court's conclusions drawn from the facts may be reviewed to determine their correctness. *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

## DISCUSSION

In point of error one, Justo argues the trial court erred in finding a resulting trust in favor of Berrospe. Justo argues that all of the evidence proves he is the owner of the property, and that no evidence supports the trial court's determination that a resulting trust existed.

■ A purchase money resulting trust is implied in law when someone, other than the person in whose name title is taken, pays purchase price of the property. *Nolana Dev. Ass'n v. Corsi,* 682 S.W.2d 246, 250 (Tex. 1984); *Estate of Lee v. Ring,* 734 S.W.2d 123, 125 (Tex.App.—Houston [1st Dist.] 1987, no writ). The intent of purchasers seeking to have beneficial title vested in themselves must be determined from the facts and cir-cumstances existing at the time of the transaction out of which the resulting trust is sought to be established. *Uriarte v. Petro,* 606 S.W.2d 22, 24–25 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

■ Although a resulting trust may be shown by proof that another paid the purchase price, there is an exception to this rule when parents pay the purchase price for the property and place title in the name of their child, and vice-versa. *Equitable Trust Co. v. Roland,* 721 S.W.2d 530, 533 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Murphy v. Metropolitan Life Ins. Co.,* 498 S.W.2d 278, 282 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). In this situation, a presumption of gift arises, and no resulting trust exists until the presumption is rebutted. *Equitable Trust Co.,* 721 S.W.2d at 533.

■ Berrospe and Petra purchased the property with community funds, and placed title in the name of Petra and Mr. Amador, her father. As stated above, the presumption of gift arises in circumstances where title to property is taken in the name of a parent, but the child pays the purchase price. *See Murphy,* 498 S.W.2d at 282. Whether this presumption arises in the context of a parent-in-law, appears to be one of first impression in this state. In this regard, we consider the rule found in the Restatement of the Law of Trust (Second) § 442 as follows:

> Where a transfer of property is made by one person and the purchase price is paid by another and the transferee is a wife, child, *or other natural object of bounty of the person* by whom the purchase price is paid, a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest in the property.

*Id.* In this type of transfer, there is no reason why, under normal circumstances, a father-in-law should not be treated as the natural object of his son-in-law's bounty, so as to take by gift. In *Somer v. Bogart,* the Dallas Court of Appeals reached a similar result. 749 S.W.2d 202 (Tex.App.—Dallas 1988, writ denied). In that case, the court held that a son-in-law was the natural object of his father-in-law's bounty, and, therefore, the presumption of gift arises. *Id.* at 204.

We adopt the holding of the Dallas court and the Restatement and hold that a transfer of property between a son-in-law as payor and a father-in-law as grantee is one in which the presumption of gift arises.

This presumption may be rebutted by clear and convincing evidence showing that Berrospe intended to retain a beneficial interest in the property. *See Shepherd v. White,* 10 Tex. 72, 73 (Tex.1853); *Uriarte,* 606 S.W.2d at 24. Once the presumption of gift is rebutted by clear and convincing evidence, a resulting trust is then established with legal title in the grantee and beneficial title in the purchaser. *Uriarte,* 606 S.W.2d at 24; *See* Restatement (Second) of Trust § 443.

Clear and convincing evidence is that degree of proof that produces in the mind of the trier of fact a firm belief or conviction about the truth of the allegations sought to be established. *In re G.M.,* 596 S.W.2d 846, 847 (Tex.1980); *In re P.S.,* 766 S.W.2d 833, 835 (Tex.App.—Houston [1st Dist] 1989, no writ). On appeal of a fact finding made by clear and convincing evidence, we review the record to determine if the trial court could reasonably find that the fact was highly probable. *Williams v. Dept. of Human Serv.,* 788 S.W.2d 922, 925 (Tex.App.—Houston [1st Dist.] 1990, no writ). Under this standard, we must consider whether the evidence was sufficient to produce in the mind of the fact finder a firm belief or conviction as to the truth of the facts. *In re P.S.,* 766 S.W.2d at 835.

There is no evidence in the record showing that Berrospe and Petra did not intend to give the property to Mr. Amador at the time of the purchase. The record shows Berrospe continued to pay the property taxes and upkeep on the property after his in-law's death; however, this evidence, alone, does not show that Berrospe did not intend to make a gift of the house *at the time of purchase.* Because there is no evidence to overcome the presumption of gift, we sustain point of error one.

In point of error three, Justo argues the evidence is insufficient to sustain the trial court's judgment. In this point, Justo reurges this Court to find there is no evidence to support the trial court's determination that Berrospe and Petra took the land as beneficiaries of a resulting trust. He also argues the trial court erred in finding, in the alternative, that Berrospe had acquired the 1/8 interest by adverse possession. Because point of error one addresses the issue of the resulting trust, we need only determine the issue of adverse possession.

At trial, Berrospe argued he owned the 1/8 interest through adverse possession. Berrospe claimed Mr. Amador's death, in 1979, notified Justo that he had 1/8 interest in the property. Berrospe claimed Justo did nothing to claim his right to the 1/8 interest. In light of Justo's ownership, Berrospe openly and notoriously paid all maintenance expenses and taxes on the property for 14 years, until the filing of this suit in 1993.

Adverse possession is defined as "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM.CODE ANN. §§ 16.021, 16.026 (Vernon 1986). Under the 10–year limitation statute, the claimant must hold the real property in adverse possession and cultivate, use, or enjoy it for 10 or more continuous years. TEX. CIV. PRAC. & REM.CODE ANN. § 16.026; *Parker v. McGinnes,* 842 S.W.2d 357, 360 (Tex.App.—Houston [1st Dist.] 1992, writ denied). The claimant must establish every fact necessary to the claim by clear and convincing evidence. *Orsborn v. Deep Rock Oil Corp.,* 153 Tex. 281, 267 S.W.2d 781, 787 (1954).

To claim a property interest through adverse possession against a cotenant an additional element is required. *Todd v. Bruner,* 365 S.W.2d 155, 160 (Tex.1963). In such case, there must be a repudiation of title or ouster by the cotenant claiming adverse possession. *Id.* at 160; *Southern Pine Lumber Co. v. Hart,* 161 Tex. 357, 340 S.W.2d 775 (1961); *Spiller v. Woodard,* 809 S.W.2d at 627. The only exception to this rule is when the adverse occupancy and claim of title "is so long-continued, open, notorious, exclusive, and inconsistent with the existence of title in others, except the occupant, that the law will raise the inference of notice to the cotenant out of possession." *Mills v. Vinson,* 342 S.W.2d 33, 40 (Tex.Civ.App.—Texarkana 1960, writ ref'd n.r.e.).

There is no evidence that Berrospe ousted Justo from the house—in fact, neither party was in actual possession of the property. Further, there is no evidence Berrospe repudiated title in such a way as to infer notice to Justo. Even though Berrospe maintained, insured, and paid taxes on the property for fourteen years after the death of Mr. Amador, he had performed these functions since the initial purchase of the house. Berrospe's actions were in conformity with his actions before the death of Mr. Amador. These actions were not "hostile" to Justo's 1/8 interest in the property, and, therefore, could not have put Justo on notice of an adverse claim to his 1/8 interest. Accordingly, we conclude that Berrospe's adverse possession claim is without merit as a matter of law.

We sustain point of error three.

In point of error two, Justo argues the trial court erred in overruling his objection to testimony relating to Berrospe's payment of Ms. Amador's medical bills and maintenance expenses for the house. Because we have sustained the other points of error, we need not address this one.

We reverse and render judgment that Berrospe take nothing in his suit against Justo.