Opinion issued February 5, 2004











  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00557-CV
____________
 
SUE TAYLOR, Appellant
 
V.
 
JACK OGG, THE LAW OFFICES OF JACK C. OGG,
HARRY HERZOG, AND WESLEY & HERZOG, Appellees
 

 
 
On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 746261-001
 

 
 
MEMORANDUM OPINION
          Appellant, Sue Taylor, appeals from a post-answer default rendered in favor
of appellees, the Law Offices of Jack C. Ogg (Ogg) and Wesley & Herzog (Herzog)
against Taylor for breaching her fiduciary duty as bankruptcy trustee. The trial court
awarded $175,000 in actual and punitive damages. 
          In nine points of error, Taylor contends that the bankruptcy plan, as a matter
of law, (1) does not place the assets purchased by Taylor in the trust created under the
plan, (2) created a debtor and creditor relationship between Herzog and Taylor
regarding the assets purchased by Taylor in her individual capacity, and (3) did not
place any fiduciary duties on Taylor regarding the assets she purchased in her
individual capacity. She further argues that there is no evidence (4) to support any
factual finding that Taylor breached her duties as trustee of the liquidating trust
and/or disbursement agent under the plan and (5) to support the award of punitive
damages. Finally, she contends that there is insufficient evidence to support (6) any
factual finding that Taylor breached her duties as trustee of the liquidating trust
and/or disbursement agent under the plan, (7) any factual finding that Taylor breached
her duties as trustee of the liquidating trust and/or as disbursement agent, and (8) the
award of punitive damages. We affirm.
Factual and Procedural Background
          Herzog and Ogg represented Gerald Monks in a five-week trial in district
court.


 After the trial, Monks filed for chapter 11 bankruptcy, leaving substantial
attorneys’ fees to Herzog and Ogg unpaid. On February 21, 1997, Herzog and Ogg
were declared class 5 claimants in Monks’s third amended plan of reorganization (the
Plan).
          The Plan reflected that, upon liquidation of various assets, a trust would be
created for the class 5 creditors, with Taylor acting as trustee. From that trust, the
class 5 creditors would receive a pro rata share of “$249,540.28 or $258,120.28
depending on whether the lawsuit against Harris County is settled or abandoned to
debtors as provided herein.” Herzog, who was originally owed $59,373.44, was to
receive13.65% (representing total payments between $34,062.25 and $35,233.42),
while Ogg, who was originally owed $30,541.27, was to receive 7.03% (representing
total payments between $17,542.68 and $18,145.86). The class 5 creditors were to
receive between 57 and 59 cents on the dollar.  
          The Plan indicated that the terms would be implemented by the liquidation of
the trust’s assets, which were valued between $49,540.28 and $58,120.28, with
Taylor acting as trustee. The balance of the funds to be paid the class 5 creditors was
derived from the sale of the estate’s then-remaining assets. “These are sold to Sue A.
Taylor for $200,000 to be paid [monthly] in the form of deferred cash payments” of
$455 to Herzog and $234.33 to Ogg “until such amount is paid in full.” The Plan
estimated it would take approximately five years for consummation of the Plan with
the disbursing agent for all payments made under the Plan being Taylor. Taylor was
required to file with the court and serve on the United States trustee a monthly
financial report for each month that the case remained open. 
          In 2001, Herzog and Ogg sued Taylor and her husband, Sutton Taylor (Sutton)
for breach of contract, sworn account, debt, fraud, breach of trust, and breach of
fiduciary duty. Taylor filed an answer. Herzog and Ogg non-suited Sutton and all
claims against Taylor except breach of fiduciary duty. Taylor did not appear for trial. 
          After Taylor made a post-answer default,


 Ogg and Herzog produced
documentary evidence and sworn testimony from Sutton, Jack Ogg, and Harry
Herzog. Sutton testified that the Monks’ third amended plan of reorganization was
approved and Taylor was the trustee for the classified creditors. She was the trustee
over a liquidating trust of certain assets. Ogg and Herzog comprised two of the class
5 creditors. Sutton testified that, as trustee, Taylor was “just the trustee over a limited
number of assets. She was not the trustee over the assets that were sold to her.” She
had no trustee responsibility over those assets sold to her in her individual capacity. 
While the amount was in question, Sutton conceded that there was no question that
Taylor, in her individual capacity, was responsible for the debt owed Ogg.
          Jack Ogg testified at trial that the Plan indicated that he was due $234.33 a
month which was 7.03% of the total. Ogg testified that he received six out of 60
payments—reflecting 54 defaults. Ogg referred the trial court to a document filed in
the bankruptcy court in which Taylor admitted that the debts were past due and in
default.
          Harry Herzog testified that he was owed $57,821.64 and Ogg was owed
$29,273.39. Herzog had received three of the 60 payments that he was due—creating
57 defaults. Herzog testified that Taylor, “the woman who’s trustee in a fiduciary
capacity to” him, never attended a hearing in the bankruptcy court. She never wrote
him a letter explaining why the Plan payments were in default. Herzog testified that
he and Ogg garnished a certificate of deposit that was “about to be released, and that
action was met with animosity, and that indicated . . . some malice on the part of Sue
Taylor in an effort to hide money . . . and put it into her own pocket.” 
          The trial court awarded Herzog $100,000 for actual and punitive damages
combined and Ogg $75,000 for actual and punitive damages combined. Upon
receiving notice of her default, Taylor requested findings of fact and conclusions of
law.


 They are as follows:
Findings of Fact
1.       Wesley and Herzog is owed $57,821.64.



2.       Wesley and Herzog’s debt is supported by the following specific facts:
          A.      The testimony of Sutton Taylor, 
          B.      The testimony of Harry Herzog,
          C.      The documentary evidence offered as plaintiff’s exhibit 4,
          D.      Sue Taylor’s admission that the amounts owed “are seriously past due”,
as reflected at page four of exhibit 9.
3.       The Law Offices of Jack C. Ogg is owed $29,273.39.



4.       Wesley and Herzog’s debt is supported by the following specific facts:
          E.      The testimony of Sutton Taylor,
          F.       The testimony of Jack Ogg,
          G.      The documentary evidence offered as plaintiff’s exhibit 4,
          H.      Sue Taylor’s admission that the amounts owed “are seriously past due”,
as reflected at page four of exhibit 9.
5.       As a result of garnishing some funds that Sue Taylor owed to the plaintiffs, in
her duty as trustee, the plaintiffs were met with animosity by Mrs. Taylor.
6.       Although Mrs. Taylor admitted defaults, that her debts to the plaintiffs were
seriously past due, and admitted owing a fiduciary duty to the plaintiffs, she
opposed every effort made in the bankruptcy court to collect those funds and
every effort made in this court to collect those funds.
7.       Sue Taylor never made a payment on time to either plaintiff. She defaulted in
fifty-four out of sixty payments due to Mr. Ogg’s firm, and fifty-seven out of
sixty payments due to Mr. Herzog’s firm.
8.       While owing a fiduciary duty to Mr. Herzog and Mr. Ogg, Sue Taylor never
met them, spoke with them, corresponded with them, or appeared at any court
hearing.
9.       Plaintiff Exhibit 8, paragraph 5, reflects that Sue Taylor took possession and
control of the items specified in the bankruptcy plan, in her capacity as Trustee.
10.     Sutton Taylor testified that his wife, Sue Taylor, knew what she was doing and
knew that she was responsible for payments to the plaintiffs.
11.     Although Mr. Taylor tried to draw distinctions between Sue Taylor’s defaults
as a trustee and what he characterized as defaults in her individual capacity,
Sue Taylor defaulted in her fiduciary obligations to place the interests of the
plaintiffs above her own, to disclose her activities, to pay on time, and to pay
at all.

Conclusions of Law
 
1.       Sue Taylor owed a fiduciary duty to the law offices of Jack C. Ogg.
2.       Sue Taylor owed a fiduciary duty to Wesley and Herzog.
3.       Sue Taylor produced no evidence that she complied with her fiduciary duties
to either plaintiff.
4.       Each plaintiff conclusively proved that Sue Taylor failed to comply with her
fiduciary duties that were owed to each plaintiff.
5.       This case involves a post answer default, since Sue Taylor failed to appear at
trial.
6.       The plaintiffs’ pleadings, specifically the section with regard to factual history,
the fifth cause of action with regard to breach of trust and breach of fiduciary
duty, and the ninth section with regard to damages, together with the prayer,
support the award of actual and punitive damages against defendant Sue
Taylor.
7.       The order confirming the 3rd amended plan of reorganization in the Monks
bankruptcy repeatedly refers to these plaintiffs as class five creditors,
establishes Sue Taylor as a trustee over trust assets to be disbursed to the two
plaintiffs, refers to a monthly payment of $455 to the Wesley Herzog plaintiff
and $234.33 to the Jack C. Ogg and Associates plaintiff, and refers to moneys
to fund payments to the class five creditors coming from a variety of assets that
were “transferred to a trust in favor of the named creditors of class five with
Sue A. Taylor as trustee.”
8.       Sue Taylor’s breach of fiduciary duty was malicious, intentional, and willful.
9.       Plaintiff Wesley and Herzog is entitled to recover actual damages of
$57,821.64, together with punitive damages in the amount of $42,178.36 for
a total of $100,000.
10.     The Law Offices of Jack C. Ogg and Associates is entitled to recover actual
damages of $29,273.39, together with punitive damages of $45,726.61, for a
total of $75,000.
11.     Plaintiffs are entitled to recover 10.0% prejudgment interest, as simple interest
without compounding, on all actual damages awarded from the date of the
filing of the Plaintiff’s Original Petition on January 9, 2001 through the date
of judgment.
12.     Plaintiffs are entitled to post judgment interest at the rate of 10.0%,
compounded annually, from the date of judgment through the date of payment
on all sums awarded in this judgment, including punitive damages.
13.     Plaintiffs properly garnished a $10,000 certificate of deposit, plus accrued
interest. That garnishment was not objected to in any way by Sue Taylor or
Sutton Taylor. Hearings were held to approve the garnishment, to dissolve the
garnishment, and to disperse funds. Neither Sue Taylor or Sutton Taylor
participated in any way in those hearings. This court has concluded that the
garnishment was proper, and that all funds were appropriately dispersed.

                                            Breach of Fiduciary Duty
          After her post-answer default, the trial court found that Taylor breached her
fiduciary duty to Herzog and Ogg. 
Standard of Review
          For Herzog and Ogg to recover for breach of fiduciary duty, the trial court was
required to find the existence of a fiduciary duty, breach of the duty, causation, and
damages. See Abetter Trucking Co. v. Arizpe, 113 S.W.3d 503, 508 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). At a trial on the merits, whether a party has
breached a fiduciary duty is not decided as a matter of law; it is, instead, a fact issue
for the fact finder’s determination. Id. Thus, we analyze this issue under the standard
of review appropriate to sufficiency of the evidence. In an appeal from a bench trial,
findings of fact have the same weight as a jury’s verdict. Amador v. Berrospe, 961
S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, writ denied). When
challenged, findings of fact are not conclusive if, as in the present case, there is a
complete reporter’s record. See id. When there is a reporter’s record, the trial court’s
findings of fact are binding only if supported by the evidence. Id. If the findings are
challenged, the court of appeals will review the sufficiency of the evidence
supporting the findings. See State Bar of Tex. v. Roberts, 723 S.W.2d 233, 235 (Tex.
App.—Houston [1st Dist.] 1986, no writ). We review the legal and factual
sufficiency of the evidence supporting a trial court’s findings of fact by the same
standards that we apply to reviewing the legal or factual sufficiency of the evidence
supporting jury findings. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).
          In points of error one, two, three, four, and seven, Taylor contends that (1) the
Plan, as a matter of law, does not place the assets purchased by Taylor in the trust
created under the Plan; (2) the Plan, as a matter of law, created a debtor and creditor
relationship between Herzog/Ogg and Taylor regarding the assets purchased by
Taylor in her individual capacity; (3) the Plan, as a matter of law, did not place any
fiduciary duties on Taylor regarding the assets she purchased in her individual
capacity; (4) there is no evidence to support any factual finding that Taylor breached
her duties as trustee of the liquidating trust and/or disbursement agent under the Plan;
and (7) there is no evidence to support the award of punitive damages.  
          When the appellant challenges the legal sufficiency of the evidence to support
a finding on which it did not have the burden of proof at trial, the appellant must
demonstrate on appeal that no evidence exists to support the adverse finding. 
Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983); Casino Magic Corp. v. King,
43 S.W.3d 14, 19 (Tex. App.—Dallas 2001, pet. denied); II Deerfield Ltd. P’ship v.
Henry Bldg., Inc., 41 S.W.3d 259, 264 (Tex. App.—San Antonio 2001, pet. denied). 
In conducting a no-evidence review, an appellate court must “view the evidence in
a light that tends to support the finding of the disputed fact and disregard all evidence
and inferences to the contrary.” Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001). 
A no-evidence point may be sustained only when the record discloses one of the
following: (1) there is a complete absence of evidence of a vital fact; (2) the court is
barred by rules of law or evidence from giving weight to the only evidence offered
to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital
fact. Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998).
          If there is more than a scintilla of evidence to support the finding, the claim is
sufficient as a matter of law. Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928
(Tex. 1993). But, if the evidence offered to prove a vital fact is so weak that it does
nothing more than create a mere surmise or suspicion of its existence, the evidence
is no more than a scintilla and, in legal effect, is no evidence. Kindred v. Con/Chem,
Inc., 650 S.W.2d 61, 63 (Tex. 1983); Seideneck v. Cal Bayreuther Assocs., 451
S.W.2d 752, 755 (Tex. 1970). “More than a scintilla of evidence exists where the
evidence supporting the finding, as a whole, ‘rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.’” Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).
          In points of error five, six, eight, and nine, Taylor contends that (5) there is
insufficient evidence to support any factual finding that she breached her duties as
trustee of the liquidating trust and/or disbursement agent under the Plan, (6) any
factual finding that Taylor breached her duties as trustee of the liquidating trust
and/or as disbursement agent is against the great weight and preponderance of the
evidence, (8) there is insufficient evidence to support the award of punitive damages,
and (9) the award of punitive damages is against the great weight and preponderance
of the evidence.
          In reviewing a factual-sufficiency point, we consider all the evidence
supporting and contradicting the finding. Plas-Tex, Inc. v. U.S. Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989). We set aside the verdict only if the finding is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). In a bench trial, the trial
court, as fact finder, is the sole judge of the credibility of the witnesses. Southwestern
Bell Media, Inc. v. Lyles, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992,
writ denied). The judge may take into consideration all the facts and surrounding
circumstances in connection with the testimony of each witness and accept or reject
all or any part of that testimony. Munters Corp. v. Swissco Young Indus., Inc., 100
S.W.3d 292, 297 (Tex. App.—Houston [1st Dist.] 2002, pet. dism’d). 
          Fiduciary Duty
          There are two types of fiduciary relationships. The first is a formal fiduciary
relationship, which arises as a matter of law and includes the relationships between
attorney and client, partners, and trustees. Ins. Co. of North Am. v. Morris, 981
S.W.2d 667, 674 (Tex. 1998). The second is an informal fiduciary relationship,
which may arise from “a moral, social, domestic or purely personal relationship of
trust and confidence, generally called a confidential relationship.” Associated Indem.
Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 287 (Tex. 1998). One who occupies
a fiduciary relationship to another must measure her conduct by high equitable
standards, and not by the standards required in dealings between ordinary parties. 
Kinzbach Tool Co. v. Corbett-Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942). A
fiduciary duty encompasses, at the very minimum, a duty of good faith and fair
dealing, and it requires a party to place the interest of the other party before his own. 
See Crim Truck & Tractor Co. v. Navistar Int’l Transp. Corp., 823 S.W.2d 591, 594
(Tex. 1992).
          A trustee in bankruptcy owes a fiduciary duty to the parties, including creditors
of the debtor. Bezanson v. Bayside Enter., Inc. (In re Medomak Canning), 922 F.2d
895, 901 (1st Cir. 1990); Ford Motor Credit Co. v. Weaver, 680 F.2d 451, 462 n.8
(6th Cir. 1982) (“A trustee in bankruptcy or a debtor-in-possession, as a fiduciary,
represents both the secured and unsecured creditors of the debtor.”). As with other
fiduciaries, a bankruptcy trustee’s breach of fiduciary duties gives rise to liability for
resulting damages. Prostok v. Browning, 112 S.W.3d 876, 912-13 (Tex.
App.—Dallas 2003, no pet.). For example, a trustee in bankruptcy is personally
liable for a breach of its fiduciary duties. See Mosser v. Darrow, 341 U.S. 267, 274,
71 S. Ct. 680, 683 (1951); see also Dodson v. Huff (In re Smyth), 207 F.3d 758, 761
(5th Cir. 2000) (adopting a gross negligence standard of care for the personal liability
of a bankruptcy trustee). Federal courts have “uniformly held that bankruptcy
trustees are subject to personal liability for the willful and deliberate violation of their
fiduciary duties.” Conn. Gen. Life Ins. Co. v. Universal Ins. Co., 838 F.2d 612, 621
(1st Cir. 1988); see also Lopez-Stubbe v. Rodriguez-Estrada (In re San Juan Hotel
Corp.), 847 F.2d 931, 937 (1st Cir. 1988). This liability may be enforced directly
against the trustee by creditors who have been injured by the breach. See
Lopez-Stubbe, 847 F.2d at 937; Conn. Gen., 838 F.2d at 621-22 (creditor has cause
of action against trustee personally for harms caused to creditor by trustee’s
intentional violation of fiduciary duty); In re Cochise Coll. Park, Inc., 703 F.2d 1339,
1357-58 (9th Cir. 1983) (trustee may be personally liable to creditor for negligent
violations of duties imposed by law).
          The evidence is legally and factually sufficient to support the trial court’s
finding that Taylor owed a fiduciary duty to Herzog and Ogg. See Arizpe, 113
S.W.3d at 508. 
          Breach of Duty
          As their fiduciary, Taylor owed Herzog and Ogg a duty of good faith and fair
dealing and was required to put their interests ahead of her own. See Crim Truck &
Tractor Co., 823 S.W.2d at 594. Despite this duty, Taylor admitted that “there is debt
still due and payable to Class 5 creditors which is past due.” She further admitted
that “there is a default in the debt due the Class 5 Creditors,” and “the amounts to
these creditors are seriously past due as well.”
          The evidence was legally and factually sufficient to support the trial court’s
finding that Taylor had breached her fiduciary duty to Herzog and Ogg. Having held
that the evidence was sufficient to support the elements of a breach of fiduciary duty,
we need not address Taylor’s specific, immaterial complaints with the findings of fact
and conclusions of law. We overrule points of error one through six. 
          Punitive Damages 
          Taylor argues that the evidence was legally and factually insufficient to support
the trial court’s award of punitive damages. There was no evidence presented at trial 
that contradicted Herzog’s testimony that Taylor expressed animosity toward him
when he garnished the CD. Furthermore, on November 23, 2001, 11 months after
Herzog and Ogg sued her, Taylor filed a document with the bankruptcy court in
which she acknowledged that she was in default and the amounts due to Herzog and
Ogg were “seriously past due.” There were findings of fact and conclusions of law
supported by the record that reflected that Taylor failed to attend bankruptcy
hearings.
          We hold that there was legally and factually sufficient evidence to support the
trial court’s award of punitive damages. Accordingly, we overrule points of error
seven, eight, and nine. 
Conclusion
                    We affirm the judgment.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.