Opinion issued August 31, 2006






 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01221-CV




ERIC MONCEVAIZ VASQUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 0250227




MEMORANDUM OPINION
          Appellant, Eric Moncevaiz Vasquez, challenges the trial court’s rendition of
summary judgment in favor of appellee, the State of Texas, in a civil forfeiture action
resulting in the seizure of approximately $8,250.00. In his first and second issues,
appellant contends that there was legally insufficient evidence to prove that the
$8,250.00 was contraband as defined in Chapter 59 of the Texas Code of Criminal
Procedure. In his third issue, appellant argues that the trial court violated the Eighth
Amendment of the United States Constitution


 prohibiting excessive fines when it
entered a judgment of forfeiture of $8,000.00 of the $8,250.00 seized as contraband. 
We affirm.
Factual and Procedural Background
            On September 30, 2002, the State filed a notice of seizure and intended
forfeiture of approximately $8,250.00 that was seized from appellant on September
9, 2002. The State alleged that the $8,250.00 was “contraband”


 under the Texas
Code of Criminal Procedure and subject to forfeiture.


 
          In support of its notice of seizure, the State attached a sworn affidavit by J.P.
Hall, an officer with the Houston Police Department. In his affidavit, Hall explained
that Houston Narcotics officers conducted surveillance on a known narcotic trafficker
identified as John Curtis Juneau. Officers observed Juneau hand a red gym bag to a
suspect later identified as appellant at a gas station. After observing appellant commit
several traffic infractions upon leaving the gas station, officers stopped his car. As
officers approached appellant, they saw him reaching into the center console of the
car and upon approaching the car, officers smelled a strong odor of marijuana
emitting from inside.
          After officers removed appellant from the car, they saw the red gym bag open
and they smelled a strong odor of marijuana coming from the bag. Upon searching
the bag, officers located a residual amount of marijuana inside the bag and also found
a small vial on the floorboard that contained approximately 0.1 grams of cocaine. 
When the officers searched the center console of the car, they found approximately
$8,250.00 in U.S. currency. The currency was in denominations that the officers
believed was consistent with narcotics trafficking. Later, a narcotics canine alerted
on the currency for the presence of an odor of narcotics.   The officers arrested and
charged appellant with possession of a controlled substance. The officers believed
that the currency was proceeds from the trafficking of illegal narcotics and was thus,
contraband. 
          Appellant filed his original answer, entering a general denial to the matters
pleaded by the State. He attached a sworn affidavit to his answer explaining that he
is entitled to possession of the $8,250.00 because it was not proceeds from any illegal
activity and was not contraband. 
          Before trial, Muzik Unlimited Entertainment, Inc. filed a Plea in Intervention
asserting an interest in the $8,250.00 at issue. Muzik claimed that its president,
Adrian Falcon, gave appellant cash equaling $8,250.00 with specific instructions for
disbursement. These instructions included paying bills, taking out $250.00 for
appellant to keep, and depositing the rest in the bank. 
          The trial court held a bench trial and, after hearing the evidence, rendered a
judgment that $8,000.00 of the $8,250.00 was contraband and granted that sum to the
State. The trial court found that the remaining $250.00 was not contraband and
granted that sum be to returned to appellant. In a separate instrument, the trial court
entered findings of fact and conclusions of law. The trial court found as follows:
FINDINGS OF FACT
          1.       The Court has subject matter jurisdiction of the $8,250.00, Defendant,
and personal jurisdiction on ERIC MONCEVAIZ VASQUEZ,
Respondent, and as to sanctions, on Intervenor, MUZIK UNLIMITED
ENTERTAINMENT, INC. and ADRIAN FALCON, its President. The
court has recognized that Intervenor has given notice of non-suit as to
its intervention. 
 
          2.       $8,000 of the $8,250.00, is contraband as defined in Chapter 59 of the
Texas Code of Criminal Procedure. 
 
          3.       The balance, $250.00 is not contraband and shall be returned to ERIC
MONCEVAIZ VASQUEZ subject to the sanctions hereinafter levied
there against.
 
          4.       The NX Media, Inc. Invoice #0135, for the amount of $5,195.00, was
fabricated by MUZIK UNLIMITED ENTERTAINMENT, INC., the
Intervenor, by and through ADRIAN FALCON who tendered such
invoice into evidence falsely vouching for its validity and authenticity.
 
          5.       ERIC MONCEVAIZ VASQUEZ likewise tendered the NX Media, Inc.
Invoice #0135, for the amount of $5,195.00, to the court as evidence,
falsely vouching for its validity and authenticity.
 
          6.       ERIC MONCEVAIZ VASQUEZ, has knowingly falsely testified in this
cause in the form of: verified false answers to written discovery, false
answers to deposition questions under oath, and false testimony in court
under oath.
 
          7.       MUZIK UNLIMITED ENTERTAINMENT, INC. through ADRIAN
FALCON, and ADRIAN FALCON, individually, have knowingly
falsely testified in this cause in the form of: verified false answers to
written discovery, false answers to deposition questions under oath, and
false testimony in court under oath.

CONCLUSIONS OF LAW
 
          A.      The $8,000.00, being contraband as defined in Chapter 59 of the Texas
Code of Criminal Procedure, shall be forthwith forfeited to the State of
Texas.
 
          B.      The remainder of $250.00 not being contraband, shall be forthwith
returned to ERIC MONCEVAIZ VASQUEZ subject to the sanctions
there against.
 
          C.      ERIC MONCEVAIZ VASQUEZ, ADRIAN FALCON and MUZIK
UNLIMITED ENTERTAINMENT, INC., shall be sanctioned $5,195.00
jointly and severally.

Legal Sufficiency
          In his first two points of error, appellant contends that there was insufficient
evidence to prove that the $8,250.00 was contraband as defined in Chapter 59 of the
Texas Code of Criminal Procedure. Specifically, appellant argues that there was no
evidence to demonstrate a nexus between the money and delivery or possession of a
controlled substance offense to the extent of showing that the money was
substantially connected to criminal activity.


 We disagree.
Standard of Review
          In an appeal from a bench trial, a trial court’s findings of fact have the same
weight as a jury’s verdict. Amador v. Berrospe, 961 S.W.2d 205, 207 (Tex.
App.—Houston [1st Dist.] 1996, writ denied). When there is a reporter’s record, the
trial court’s findings of fact are binding only if supported by the evidence. Id.
Appellant does not challenge specific findings of fact. See McGalliard v. Kuhlmann,
722 S.W.2d 694, 696 (Tex. 1986) (holding unchallenged findings of fact are binding
unless contrary is established as matter of law or there is no evidence to support
finding); Aldine Indep. Sch. Dist. v. Ogg, 122 S.W.3d 257, 265 (Tex. App.—Houston
[1st Dist.] 2003, no pet.).
          If the complaining party challenges the legal sufficiency


 of the evidence
underlying an adverse finding on which the party did not have the burden of proof,
then the party must demonstrate on appeal that there is no evidence to support the
finding. City of Pasadena v. Gennedy, 125 S.W.3d 687, 691 (Tex. App.—Houston
[1st Dist.] 2003, pet. denied). In such a review, we consider all the evidence in the
light most favorable to the prevailing party, indulging every reasonable inference in
that party’s favor, and disregard all evidence and inferences to the contrary. Id. at
692. If more than a scintilla of evidence supports the finding, the no-evidence
challenge fails. Id. In a bench trial, the trial court, as fact finder, is the sole judge of
the credibility of the witnesses. S. W. Bell Media, Inc. v. Lyles, 825 S.W.2d 488, 493
(Tex. App.—Houston [1st Dist.] 1992, writ denied).
Requisites of Forfeiture
          Property, including currency, is subject to seizure and forfeiture if it is found
to be contraband. Tex. Code Crim. Proc. Ann. art. 59.02(a) (Vernon Supp. 2005).
Contraband is property used or intended to be used in the commission of certain
felonies, or proceeds derived from those felonies. Tex. Code Crim. Proc. Ann. art.
59.01(2)(A)-(D) (Vernon Supp. 2005). However, conviction of an underlying felony
is not required under the forfeiture statute. Tex. Code Crim. Proc. Ann. art.
59.05(d) (Vernon Supp. 2005).
          The State is required to show that probable cause exists for seizing the
property. Tex. Const. art. I, § 9; State v. $11,014.00, 820 S.W.2d 783, 784 (Tex.
App.—Houston [1st Dist.] 1992, no writ). To do this, the State must prove that there
is a substantial connection between the property and the illegal activity. See
$11,014.00, 820 S.W.2d at 784. This is accomplished when the State proves that it
is more reasonably probable than not that the seized currency was either intended for
use in, or derived from, a violation of the offenses listed in the forfeiture statute. See
Antrim v. State, 868 S.W.2d 809, 812 (Tex. App.—Austin, 1993 no writ). 
          The State may meet its burden of proof by presenting sufficient circumstantial
evidence. Id. When relying on circumstantial evidence, the State must offer evidence
that raises more than a mere surmise or suspicion regarding the source of the money. 
Id. However, the State is not required to exclude every possible means by which
appellant might have acquired the money. Id. The court may draw any and all
reasonable inferences from the circumstances shown by the evidence. Id.
          In this case, the State alleged that the money was contraband because it was
used or intended to be used in the commission of, or was proceeds derived from, a
drug-related felony under Chapter 481 of the Health and Safety Code. See Tex. Code
Crim. Proc. Ann. art. 59.01(2)(B)–(C). The majority of delivery and possession
offenses in Chapter 481 are felonies. See, e.g., Tex. Health & Safety Code Ann.
§ 481.112-481.118 (Vernon Supp. 2005) (manufacture, delivery, or possession of
controlled substances in penalty groups one through four). Cocaine is a Penalty
Group I controlled substance and possession of any quality thereof is a felony. See 
Tex. Health & Safety Code Ann. § 481.102(3)(D), 481.115 (Vernon Supp. 2005). 
However, delivery or possession of certain quantities of marijuana is a misdemeanor. 
See Tex. Health & Safety Code Ann. §§ 481.120(b)(1)–(2), 481.121(b)(1)–(2)
(Vernon Supp. 2005). Therefore, to prove that the money was subject to forfeiture
for delivery or possession of marijuana, the State must prove that the money was used
or intended to be used in the commission of, or was proceeds derived from, the
delivery or possession of a felonious quantity of marijuana.
          Here, the only direct evidence connecting the money to the sale or possession
of narcotics were trace amounts of marijuana found in the red gym bag and the
unmeasurable amount of cocaine found on the floorboard of appellant’s car. 
Therefore, the State was required to present sufficient circumstantial evidence
showing that, under all the circumstances raised by the evidence, it is more reasonable
than not that the money was used in or derived from the sale or possession of a
controlled substance. See $7,058.84 in U.S. Currency v. State, 30 S.W.3d 580, 586
(Tex. App.—Texarkana 2000, no pet.). 
          In reviewing the sufficiency of the State’s evidence, courts have reviewed at
least five factors in assessing the sufficiency of the evidence in a forfeiture case: (1)
the proximity of the money to the drugs and to the evidence of drug trafficking; (2)
evidence that the money was previously in contact with drugs; (3) suspicious activity
consistent with drug trafficking; (4) the amount of money at issue; and (5) the
presence of expert testimony indicating that there was probable cause to seize the
money subject to forfeiture, e.g., that a substantial connection exists between the
property to be forfeited and the criminal activity. Antrim, 868 S.W.2d at 814.
          In this case, there is sufficient evidence under each factor listed above. As to
factor one, the proximity of the money to the drugs and evidence of drug trafficking,
the $8,250.00 was in the console of appellant’s car, near a vial containing trace
amounts of cocaine and the red gym bag that contained marijuana residue. As to
factor two, evidence that the money was previously in contact with drugs, a trained
narcotics detection dog alerted on the money after it was hidden by a Houston Police
Officer. There was expert testimony from the officer working with the dog that the
animal alerted to the money. He testified that narcotics dogs are trained to give an
aggressive alert by scratching and barking at the area where the odor of certain illegal
narcotics are detected. As to factor three, suspicious activity consistent with drug
trafficking, Officer Smith testified that he observed appellant and John Juneau
engaged in behavior consistent with drug trafficking activities. He testified that he
recognized the behavior because he had previously observed Juneau engage in similar
activities at service stations, he had arrested Juneau for possession of a large quantity
of cocaine, and he saw Juneau hand appellant the red gym bag at a Shell service
station, in a matter consistent with Juneau’s prior trafficking activities. Further,
Officer Smith testified to smelling a strong odor of fresh-cut marijuana in appellant’s
vehicle. As to factor four, the amount of money at issue, $8,250.00 is beyond that
which most ordinary people carry on or about their person. As to factor five, the
presence of expert testimony indicating that there was probable cause to seize the
property subject to forfeiture, e.g., that a substantial connection exists between the
property to be forfeited and criminal activity, Officer Smith, a trained narcotics
officer, testified that the money was contraband.
          While evidence of any one of these factors standing alone might not be
sufficient to support a determination that the money was contraband, we hold that
evidence of all of the factors taken together amount to more than a scintilla of
evidence from which the trial court could reasonably infer that $8,000.00 of the
$8,250.00 was contraband and derived from a felony offense in violation of the Texas
Controlled Substances Act, e.g. possession of cocaine. See Tex. Health & Safety
Code Ann. § 481.102(3)(D), 481.115 (Vernon Supp. 2005) (cocaine is a Penalty I
controlled substance and possession of any quality thereof is a felony.). 
          We overrule appellant’s first and second points of error.
Excessive Fines Clause
          In his third point of error, appellant argues that the trial court violated the
Eighth Amendment of the United States Constitution prohibiting excessive fines
when it entered a judgment of forfeiture of $8,000.00 of the $8,250.00 seized as
contraband. We disagree. 
          “Excessive bail shall not be required, nor excessive fines imposed, nor cruel
and unusual punishments inflicted.” U.S. Const. amend. VIII. The Eighth
Amendment is applicable to the states through the Fourteenth Amendment. Robinson
v. California, 370 U.S. 660, 675, 82 S. Ct. 1417, 1425 (1962). The United States
Supreme Court addressed the applicability of the Excessive Fines Clause to federal
forfeiture statutes in Austin v. United States, 509 U.S. 602, 113 S. Ct. 2801(1993). 
          Once it has been established that the property in question is contraband, a court
must then apply a “proportionality” test as set forth in United States v. Bajakajian,
524 U.S. 321, 334, 118 S. Ct. 2028, 2036 (1998). Bajakajian pertained to a forfeiture
of currency under a federal statute making it a crime to carry more than $10,000 in
currency out of the country without reporting it. Id. Respondent in that case, pleaded
guilty to the criminal violation of failure to report. 524 U.S. at 325, 118 S. Ct. At
2032. The government also sought forfeiture of the entire amount of cash, $357,144,
carried by respondent. Id. The district court ruled that, under the statute, the entire
sum was subject to forfeiture, but declined to enter such a judgment, holding that such
a result would violate the Excessive Fines Clause. 524 U.S. at 326-27, 118 S. Ct. at
2033. The Ninth Circuit affirmed. Id. The Supreme Court, reversing, held that: (1)
forfeitures, i.e., payments in kind, are “fines” subject to the limitations of the Eighth
Amendment if they constitute punishment for an offense; (2) forfeiture of currency
under the subject statute is a form of punishment; it is an additional sanction available
when imposing a sentence for violation of the criminal statute imposed at the
culmination of criminal proceedings and cannot be imposed on an “innocent owner”;
and (3) modern statutory forfeiture provisions are “fines” for Eighth Amendment
purposes, if they constitute, even in part, punishment. 524 U.S. at 333-34, 118 S. Ct.
at 2036. Therefore, the forfeiture of currency was subject to the Excessive Fines
Clause. 524 U.S. at 334, 118 S. Ct. at 2036. 
          In determining whether the fine is excessive, a court must consider
proportionality, i.e., the amount of the forfeiture must bear some relationship to the
gravity of the offense that it is designed to punish. Id. In determining whether the
forfeiture of the entire sum was “excessive” or “grossly disproportional,” the Court
examined (1) the nature of the offense (essentially, a reporting violation); (2) the
relationship of the offense to other illegal activities (none); (3) the class of offenders
addressed by the forfeiture (respondents did not fit the class); and (4) the harm caused
(little or none). Id. The Court held that the forfeiture of the entire sum of money,
$357,144, bore no correlation to any damages sustained by society or to the cost of
enforcing the law. Id.
          Texas courts have held that Chapter 59 forfeitures constitute punishment for
purposes of the Excessive Fines Clause. See Tex. Code Crim. Proc. Ann. arts.
59.01(2)(A)(i)–(iii), 59.01(2)(B)(i)–(iii) (Vernon Supp. 2005) (seizure of contraband
authorized; contraband defined in terms of violations of, inter alia, the Penal and
Health and Safety Codes); see also One Car, 1996 Dodge X-Cab Truck White In
Color 5YC-T17 VIN 3B7HC13Z5TG163723 v. State, 122 S.W.3d 422, 427 (Tex.
App.—Beaumont 2003, no pet.) (applying the analysis of Austin and Bajakajian to
find that Chapter 59 forfeiture is closely tied to the commission of underlying
crimes.). 
          Having determined that Chapter 59 is subject to the Excessive Fines Clause,
we then apply the Supreme Court’s proportionality standard de novo to the evidence
surrounding the State’s forfeiture of the $8,000.00 to determine if such forfeiture is
unconstitutionally excessive. See Bajakajian, 524 U.S. at 335-36, 118 S. Ct. at
2036–37. Here, as to the first two factors, the nature of the offense and the
relationship of the offense to other illegal activities, appellant was arrested for
possession of cocaine, which is a state jail felony, carrying a maximum sentence of
two years and a maximum fine not exceeding $10,000. See Tex. Health & Safety
Code Ann. § 481.115; Tex. Pen. Code Ann. § 12.35(a)–(b) (Vernon Supp. 2005). 
Under the third factor, appellant fits the class of offender addressed by the forfeiture
because he was in possession of the cocaine. Finally, as to the fourth factor, the harm
caused was slight considering that the amount of cocaine involved in this case was
an extremely small amount. Nevertheless, because appellant’s fine could reach
$10,000.00 for possession of cocaine in this case, we hold that forfeiture of $8,000.00
is not grossly disproportional to the offense under Bajakajian. We further hold that
the forfeiture in this case does not violate the Excessive Fines Clause of the Eighth
Amendment. Bajakajian, 524 U.S. at 337-41, 118 S. Ct. at 2038-39. 
          We overrule appellant’s third issue.
 
 
 
Conclusion
          We affirm the judgment of the trial court. All pending motions are overruled
as moot.
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Higley.