**LACK'S STORES, INC., Appellant,**

v.

**Wilfred WAISATH et ux., Appellees.**

**No. 4989.**

Court of Civil Appeals of Texas, Waco.

Jan. 27, 1972.

Carsner, Carsner & Bissett, Victoria, for appellant.

Ted Dunnam, Port LaVaca, Richard Thornton, Galveston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Lack from a judgment for actual and exemplary damages against it, in favor of plaintiffs Waisath in a suit for conversion of furniture. This case was before this court (See 464 S.W.2d 220) and the Supreme Court (See 474 S.W.2d 444). The Supreme Court reversed the judgment of this court and remanded the case to this court "for its determination of whether the evidence is sufficient to support the jury's finding that the defendant converted plaintiff's property", and if it does so find to consider defendant's remaining issues. The facts are covered in the two prior opinions supra, and will be only succinctly stated here. Plaintiffs sued defendant, alleging defendant converted 30 pieces of furniture of plaintiffs, and upon which plaintiff had no lien. Plaintiff sought $1984. actual damages and $25,000. exemplary damages. Trial was to a jury which found:

1) Plaintiffs owned furniture located in Colonial Arms Apartments on or about December 27, 1967 against which defendant had no lien.

2) Defendant converted plaintiffs' furniture against which defendant had no lien.

3) Such furniture had a reasonable cash market value of $1200.

4) Defendant acted wantonly and/or maliciously in converting plaintiffs' furniture.

5) The jury awarded plaintiff $3000. in exemplary damages.

The trial court entered judgment on the verdict for plaintiff for $4200.

Defendant appealed on 35 points asserting:

1) There is no evidence to support the jury's answer to Issue 2, finding that defendant converted plaintiffs' furniture.

2) There is insufficient evidence to support the jury's answer to Issue 2, finding defendant converted plaintiffs' furniture; and such finding is against the great weight and preponderance of the evidence.

3) There is insufficient evidence to support the jury's answer to Issue 3, finding the value of the furniture converted to be $1200., and such finding is against the great weight and preponderance of the evidence.

4) There is no evidence, and/or insufficient evidence to support the jury's answer to Issue 4, and such finding is against the great weight and preponderance of the evidence.

5) The evidence is insufficient to support the jury's answer to Issue 5, and such finding is against the great weight and preponderance of the evidence.

6) The jury's answer to Issue 5 is excessive.

From the record as a whole we think the jury's answer to Issues 2, 3, 4 and 5 are supported by sufficient evidence and that such answers are not against the great weight and preponderance of the evidence; and that the jury's answer to Issue 5 is not excessive.

■ There is evidence that furniture belonging to plaintiffs was converted by defendant, and the Supreme Court has so found. Photographs of a portion of the furniture are in evidence, and plaintiffs request for a return of their furniture was refused by agents of defendant. Plaintiff testified the value of her furniture converted by defendant was approximately $2000.; defendant's president testified to a value of approximately $400. The jury's finding of $1200. is supported by sufficient evidence.

■ Issue 4 found that defendant acted wantonly and/or maliciously in converting plaintiffs' furniture. Such terms mean "ill will or bad or evil motive or such gross indifference to the rights of another as will amount to a willful or wanton act done intentionally and without just cause or excuse". Issue 5 fixed exemplary damages at $3000. Plaintiffs demanded a return of their furniture, but defendant refused to return same, and continues to refuse to return same. The existence of malice to support exemplary damages may not be necessary where defendant's acts are accompanied by fraud or other aggravating circumstances. Clements v. Withers, Tex., 437 S.W.2d 818. We think the record as a whole and defendant's continued refusal to return plaintiffs' furniture sufficient to bring this case under the above rule.

■ The amount of exemplary damages are normally within the province of the jury, and the jury may consider the amount of attorney's fees, mental anguish, inconvenience and other matters in fixing the amount. Here the record reflects plaintiffs were deprived of the use of their furniture, suffered mental anguish, and have been obligated to pay $3000. attorney's fees in the instant litigation.

All of defendant's points and contentions have been carefully considered and are overruled.

The judgment of the trial court is

Affirmed.