Reigh THAMES and Sue Thames, Appellants,

v.

Janet JOHNSON and Rebecca Beck, Appellees.

No. 8813.

Court of Civil Appeals of Texas, Texarkana.

March 31, 1981.

Benjamin H. Hathaway, Prud'Homme & Schulze, Austin, for appellants.

R. William Spinn, Paul A. Ehlert, Spinn, Ehlert, Spinn, Weisler & Weisler, Brenham, for appellees.

BLEIL, Judge.

This is an appeal from the judgment entered in a suit to recover an interest in land.

Janet Johnson and Rebecca Beck, appellees herein, filed suit alleging that they each owned an undivided one-fourth interest in certain real property previously conveyed by Reigh Thames and wife, Sue, to Robert Owens and wife, Susan, all joined as defendants in the suit.

Appellees sought to set aside the conveyance, to recover a $45,000.00 interest in the property and to recover $45,000.00 exemplary damages for fraud on the part of Reigh Thames. The Owens and Ryan Mortgage Company, the Owens' lender, subsequently cross-claimed against Reigh and Sue Thames alleging fraud, breach of warranty and violations of the Deceptive Trade Practices-Consumer Protection Act, § 17.41, et seq., Tex.Bus. & Comm.Code Ann. In a non-jury suit, the trial court held that Reigh and Sue Thames were liable for $17,-000.00 damages, that the Owens were bona fide purchasers for value, and that the Owens and Ryan Mortgage Company should be dismissed with their costs. Findings of fact and conclusions of law were neither requested nor filed. Ryan Mortgage Company and the Owens are not parties to this appeal.

We affirm the judgment of the trial court.

Janet Johnson and Rebecca Beck were the only children of Reigh Thames and his first wife, Reta Thames. In 1957 Reigh entered into an Assignment of Contract of Sale and Purchase with the Veterans Land Board on a tract of land consisting of approximately 100 acres. Reta Thames died intestate on April 6, 1960. At the time of their mother's death, Janet was ten and Rebecca was seven. Upon the death of their mother, each of the girls received an undivided one-fourth interest, or their mother's one-half interest in the community estate of their father and mother, pursuant to our laws of descent and distribution. Tex.Prob.Code Ann. § 45 (1956). Reigh married his present wife, Sue Thames, in 1965. On or about December 15, 1969, the Veterans Land Board deeded to Reigh Thames ten acres which was a part of the 100 acre tract. Thames subsequently constructed his home on the ten acres. The remaining acreage was deeded to Thames on or about October 2, 1974.

On or about May 26, 1978, Reigh and Sue Thames purported to convey full title to Robert and Sue Owens to 52 acres from the 100 acre tract. That 52 acre tract is the subject of this suit and includes the ten acres on which appellants constructed their home. The court concluded that the conveyance was effective because the Owens'

purchase was in good faith and without notice of the girls' interest in the property.

Most of the points of error deal with the existence of or the sufficiency of the evidence to support the judgment. In the absence of findings of fact and conclusions of law, it is presumed that the trial judge found every fact issue necessary to sustain the judgment, and it must be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contrary in nature. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950).

At trial appellants raised the equitable defense of estoppel on the basis that after the death of Reta, Thames and his daughters were under a duty to contribute to the maintenance and improvements on the land. In support of this contention on appeal, appellants cite cases which hold that cotenants may not reap benefits of a sale of joint property without contributing their fair share to the maintenance of and taxes assessed on the land. Each case in which equitable estoppel is offered must rest upon its own facts. *Barfield v. Howard M. Smith Company of Amarillo*, 426 S.W.2d 834 (Tex.1968). We find that the facts in this case are distinguishable from the cases cited by appellants. The relationship between Thames and his daughters is not a cotenancy between parties who are dealing at arm's length. The trial court did not err in failing to find that the girls are estopped from asserting their interests by a failure to participate as cotenants.

Appellants urge that appellees failed to prove the claim of fraud. Thames testified that in 1977, he attempted to sell the entire 100 acre tract of land. At that time, he retained an attorney named Bogart in Elgin to handle the transaction. Plaintiffs introduced into evidence a proposed agreement wherein Johnson and Beck would execute special warranty deeds conveying any interest that they had to their father for the consideration of $2,000.00 each. The agreement was sent to the girls but was never signed, and the deal which prompted the agreement fell through. Thames used Ross Meredith, a member of an Elgin law firm, for the sale to the Owens rather than Bogart, and Bastrop Title Company rather than Lost Pines Title Company. Testimony disclosed that at the time of this sale both Reigh and Sue Thames knew that the girls had some interest in the property but did not disclose this information to the Owens or the title company. The girls first learned of the sale in July of 1978.

Both a natural and fiduciary relationship existed between Reigh Thames and his daughters. A confidential relationship exists where one party is in fact accustomed to being guided by the judgment or advice of the other, or is justified in placing confidence in the belief that such party will act in its interest. *Page Airways, Inc. v. Associated Radio Serv. Co.*, 545 S.W.2d 184 (Tex. Civ.App.—San Antonio 1976, writ ref'd n. r. e.). The simple fact of the parent-child relationship coupled with the girls' youth at the time of their mother's death confers a duty to uphold a fiduciary relationship. Constructive fraud has been defined as the breach of a legal or equitable duty which the law declared fraudulent because it violates a fiduciary relationship. *Carnes v. Meador*, 533 S.W.2d 365 (Tex.Civ.App.— Dallas 1975, writ ref'd n. r. e.); *Archer v. Griffith*, 390 S.W.2d 735 (Tex.1964).

In this case both Reigh and Sue Thames attempted to deprive the appellees of an interest in real estate. In between the first proposed sale, which fell through, and the sale to the Owens, Reigh Thames testified that he and Sue discussed the matter of the girls' interest in the sale. Thereafter they both joined in the sale and shared the proceeds received. There is sufficient evidence to support a finding of fraud on the part of Mr. and Mrs. Thames.

Appellants also argue that since Reigh Thames held the ten acres in his

name from 1969 to 1978 and the 42 acres from 1974 to 1978, that this suit is barred by limitations. However, among cotenants, there must be a clear repudiation of title coupled with adverse possession to begin the running of the statute. *Todd v. Bruner*, 365 S.W.2d 155 (Tex.1963). Thames acknowledged his daughters' interest in the property when he attempted to sell the entire 100 acre tract in 1977, and judicially admitted their cotenancy at one point in this trial. Ample evidence supports the finding that there was no repudiation of the cotenancy before that point, and that the suit is not barred by any statute of limitations.

Appellants further allege that the trial court erred in awarding $14,000.00 to appellees, and that there is no legal basis for the award of $3,000.00 attorney's fees. These points are without merit. After a careful review of the record, we find that there exists more than sufficient probative evidence to support the damages awarded. Although in a proper case attorney's fees may be considered as a part of punitive damages, *Lack's Stores, Inc. v. Waisath*, 479 S.W.2d 406 (Tex.Civ.App.—Waco 1972, no writ), the judgment here simply awarded $17,000.00 damages. There is no support for the assertion that the court awarded $14,000.00 as actual damages and $3,000.00 as punitive damages.

The judgment finds sufficient support in the evidence. All points of error are overruled.

The judgment of the trial court is affirmed.