# NO. 12-09-00271-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DOROTHY HARRIS a/k/a RUTH ARMSTRONG HARRIS, APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *O. B. WATSON, HERBERT GILLIAM, RUBY INEZ SLATON, AND SHIRLEY JEAN PATTERSON, APPELLEES* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Dorothy Harris, also known as Ruth Armstrong Harris, appeals the trial court's summary judgment in favor of Ruby Inez Slaton Gardner.[1] In one issue, Harris argues that the trial court erred in granting Gardner's traditional and no evidence motion for summary judgment. We reverse and remand.

### BACKGROUND

This case involves a longstanding family dispute over a 174.2 acre tract of land in Van Zandt County, Texas. Letha Hazel Reed conveyed the tract to her sister, Retha Watson, and Retha's husband, O.B. Watson, but reserved a life estate. Letha died in 1976, and Retha died intestate a few months later. Approximately two years later, O.B. and Retha's children, Herbert Gilliam and Harris, attempted to divide the real property in Letha's and Retha's estates. A worksheet from the meeting lists O.B.'s, Gilliam's, and Harris's names and, under each name, the tracts of land that person would receive (the "family agreement"). The worksheet shows that O.B. would receive two tracts—a 177 acre tract and a 124 acre tract. The 174.2 acre tract is not listed under any of their names. On December 5, 1978, four deeds were signed that effectuated

---

[1] Gardner was previously known as Ruby Inez Slaton. Her name changed during the course of the litigation.

the property division as shown on the worksheet. Sometime later, all four deeds were recorded in the real property records of Van Zandt County.

Soon after the four deeds were signed, O.B. sent a deed to Gilliam for both Gilliam and Harris to sign. The deed, dated December 19, 1978, described the property to be conveyed as the 174.2 acre tract and named O.B. as the grantee. But Harris refused to sign the deed. That deed, signed by Gilliam, but not by Harris, was recorded in the real property records of Van Zandt County. In 1979, O.B. conveyed his interest in the 174.2 acre tract to his daughter, but reserved a life estate.

In 1984, Harris filed suit against O.B. and Gilliam alleging, among other claims, that she owned an undivided one-fourth interest in the 174.2 acre tract. Before the suit could be resolved, both O.B. and Gilliam died.[2] In 2004, Harris filed suit against Gardner and Shirley Jean Patterson,[3] alleging that she owned an undivided one-fourth interest in the 174.2 acre tract. She also sought an accounting for any income received from the property. Gardner answered, but Patterson did not. The trial court consolidated the 1984 suit into the 2004 suit. In an amended counterclaim, Gardner sought to quiet title to the 174.2 acre tract. She also asserted fraud and fraudulent misrepresentation claims, and a contribution claim in the event the trial court determined that Harris was the owner of an undivided one-fourth interest in the tract. Further, Gardner sought specific performance of the family agreement, and attorney's fees. She also moved for a traditional and a no evidence summary judgment. The trial court granted Gardner's motion for summary judgment.[4] This appeal followed.

## STANDARD OF REVIEW

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). A defendant who conclusively negates at least one essential element of the nonmovant's cause of action is

---

[2] The record does not indicate that a suggestion of death was filed or that an administrator, executor, or heir appeared on behalf of either O.B. or Gilliam. *See* TEX. R. CIV. P. 152. There is a reference in the record that Gardner eventually asked that the 1984 suit be dismissed for want of prosecution, but it does not appear that Gardner was ever a defendant in any capacity in the suit.

[3] In the 2004 suit, Harris stated that Patterson, like Gardner, owned a three-eighths interest in the 174.2 acre tract. However, the record does not show how Patterson acquired this interest.

[4] Although the judgment does not specifically mention all the claims made by Gardner and Harris and all of the parties, the judgment contains a Mother Hubbard clause stating that "[a]ll requested relief not herein expressly granted is denied." Further, the judgment includes unequivocal language indicating finality, stating that "[t]his [judgment] is intended to be a final and appealable Order fully disposing of all claims made by and against all parties." Thus, the judgment is final, and we have jurisdiction over this appeal. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005).

entitled to summary judgment as to that cause of action *See **Randall's Food Mkts., Inc. v. Johnson***, 891 S.W.2d 640, 644 (Tex. 1995). Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. ***Id.*** Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See **City of Houston v. Clear Creek Basin Auth.***, 589 S.W.2d 671, 678-79 (Tex. 1979).

Additionally, after an adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. *See* Tex. R. Civ. P. 166a(i). Once a no evidence motion has been filed in accordance with rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See **Macias v. Fiesta Mart, Inc.***, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. ***King Ranch, Inc. v. Chapman***, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See **id.*** at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. ***Id.*** Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *See **id.***

When reviewing traditional and no evidence summary judgments, we review de novo the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See **Sudan v. Sudan***, 199 S.W.3d 291, 292 (Tex. 2006); ***KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.***, 988 S.W.2d 746, 748 (Tex. 1999). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* Tex. R. Civ. P. 166a(c). If the trial court's order granting summary judgment does not specify the grounds relied on for its ruling, we will affirm it if any of the theories advanced are meritorious. ***State Farm Fire & Cas. Co. v. S.S.***, 858 S.W.2d 374, 380 (Tex. 1993). When a party moves for both a traditional and a no evidence summary judgment, we first review the trial court's summary judgment under the no evidence standard of rule 166a(i). ***Ford Motor Co. v. Ridgway***, 135 S.W.3d 598, 600 (Tex. 2004). If the no evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See **id***.

As part of her sole issue on appeal, Harris argues that the trial court erred in granting Gardner's no evidence motion for summary judgment. More specifically, Harris contends that her summary judgment evidence negates the grounds underlying Gardner's no evidence motion.

## Applicable Law

Property acquired by gift during marriage is constitutionally and statutorily defined as separate property. *See* TEX. CONST. art. XVI, § 15; TEX. FAM. CODE ANN. § 3.001(Vernon 2006). Where a gift is made to spouses jointly, each spouse receives an undivided one-half interest as that spouse's separate property. *Phillips v. Phillips*, 296 S.W.3d 656, 669 n.4 (Tex. App.—El Paso 2009, pet. denied); *Roberts v. Roberts*, 999 S.W.2d 424, 431 (Tex. App.—El Paso 1999, no pet.). When a person dies intestate, the surviving spouse is entitled to an estate for life in one-third of the separate real property of the intestate decedent, and the children of the intestate decedent are entitled to the remainder. *See* TEX. PROB. CODE ANN. § 38(b)(1) (Vernon 2003). In other words, the children of the person dying intestate inherit the separate real property, subject to the surviving spouse's one-third life estate. *See id.*

A conveyance of an interest in real property must be in writing, signed by the grantor, and delivered to the grantee. *See* TEX. PROP. CODE ANN. § 5.021 (Vernon 2004); *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 869 (Tex. App.—Dallas 2005, no pet.). A conveyance is effective and title is transferred when the deed has been executed and delivered. *Adams*, 154 S.W.3d at 869. A deed that is not signed by a grantor is void *ab initio* and cannot pass title. *See Sanchez v. Telles*, 960 S.W.2d 762, 768 (Tex. App.—El Paso 1997, writ denied).

## Analysis

In her no evidence motion for summary judgment, Gardner alleged that there was no evidence that the family agreement was "unfair or unequal." She also alleged that Harris complained that she "received a disproportionate share" of Letha's and Retha's estates. However, Harris did not allege in her pleadings that the family agreement was unfair or unequal or that the share she received was disproportionate. Instead, she asserted that the 174.2 acre tract was not part of the family agreement. Because Harris did not allege that the family agreement should be set aside because it was unfair or unequal or because she received a disproportionate share of the two estates, Gardner's first basis for her no evidence motion for summary judgment did not attack any element of Harris's claim and thus, cannot support summary judgment. *See King Ranch, Inc.*, 118 S.W.3d at 751 (no evidence motion must be directed to essential element of nonmovant's claim on which nonmovant would have burden of proof at trial); *Weaver v. Highlands Ins. Co.*, 4 S.W.3d 826, 832 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Gardner also asserted there was no evidence that Harris had an ownership interest in the 174.2 acre tract. In her response, Harris attached a copy of the deed showing that Letha conveyed the property to Retha and O.B. "in consideration of the natural love and affection I have for my beloved relatives," but reserved a life estate. Harris also attached a copy of an affidavit of Retha's heirship and marital history, showing that Retha died intestate, that she was survived by two children, Gilliam and Harris, from a prior marriage, and that no children were born to or adopted by Retha during her marriage to O.B. Further, the uncontested facts show that O.B. died before the 2004 suit was filed.

The documents Harris provided, when read together, show that (1) Retha and O.B. each acquired an undivided one-half interest in the 174.2 acre tract as their separate property, (2) upon Retha's death, her undivided one-half interest passed to Gilliam and Harris in equal shares, subject to O.B.'s life estate, and (3) O.B.'s one-third life estate has terminated. In other words, both Gilliam and Harris owned an undivided one-fourth interest in the 174.2 acre tract, subject to O.B.'s life estate. Thereafter, when O.B. died, Harris owned an undivided one-fourth interest in the property in fee simple. Thus, Harris presented more than a scintilla of probative evidence regarding whether she had an interest in the property, which raised a genuine issue of material fact. Therefore, the trial court erred in granting Gardner's no evidence motion for summary judgment. Accordingly, we sustain that portion of Harris's sole issue regarding the no evidence motion for summary judgment.

## TRADITIONAL MOTION FOR SUMMARY JUDGMENT

As part of her sole issue on appeal, Harris argues that the trial court erred in granting Gardner's traditional motion for summary judgment. In her traditional motion for summary judgment, Gardner alleged that she was entitled to summary judgment as a matter of law on her counterclaim to quiet title. She also raised three affirmative defenses: statute of limitations, laches, and waiver.

### The Family Agreement

In her traditional motion for summary judgment on her counterclaim, Gardner alleged that the 174.2 acre tract was part of the family agreement. As evidence, Gardner provided a copy of the deed conveying the property to O.B. that was signed by Gilliam, but not by Harris. She also provided a copy of a one page worksheet showing that O.B. was to receive two tracts of land—a 177 acre tract and a 124 acre tract—and O.B.'s deposition testimony. Further, Gardner asserted that Harris was given valuable consideration as part of the family agreement, i.e., the "partitioning [of] the Estates of [Letha] and [Retha]." She urges that, if Harris were allowed to

5

take back the consideration she agreed to give, i.e., the deed to O.B., the conveyances to Harris would fail for lack of consideration.

According to the worksheet showing the division of the real property from Letha's and Retha's estates, the property O.B. would receive did not include the 174.2 acre tract. And Harris did not sign the deed conveying Gilliam's and Harris's interest in the 174.2 acre tract to O.B. Because Gardner's evidence did not establish that the 174.2 acre tract was part of the family agreement or that Harris conveyed her interest in the property to O.B., Gardner did not establish that she was entitled to judgment on her counterclaim as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548. Therefore, the trial court erred in granting Gardner's traditional motion for summary judgment on her counterclaim.

## Statute of Limitations

Gardner also alleged that she was entitled to summary judgment because Harris's claims were barred by the statute of limitations. A person must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title not later than three years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.024 (Vernon 2002). A person must bring suit not later than five years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property, pays applicable taxes on the property, and claims the property under a duly registered deed. TEX. CIV. PRAC. & REM. CODE ANN. § 16.025 (Vernon 2002). Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 2008).

The possession of a cotenant will be presumed to be in right of the common title. *Todd v. Bruner*, 365 S.W.2d 155, 156 (Tex. 1963). Therefore, a cotenant cannot be permitted to claim the protection of the statute of limitations unless it clearly appears that he has repudiated the title of his cotenant and is holding adversely to it. *Id*. In other words, one cotenant claiming adverse possession against another cotenant must repudiate title in such a manner as to bring the repudiation to the notice of the other cotenant to begin the running of the statute of limitations. *Spiller v. Woodard*, 809 S.W.2d 624, 627 (Tex. App.—Houston [1st Dist.] 1991, no writ); *Thames v. Johnson*, 614 S.W.2d 612, 615 (Tex. Civ. App.—Texarkana 1981, no writ).

In her summary judgment motion, Gardner alleged that O.B. possessed the property for more than five years before Harris filed suit in 1984. Thus, she claimed that Harris's claim to the property was barred by the three and five year statutes of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.024-.025. Because the deed conveying the property to O.B. did not include Harris's signature, Gardner also asserted that the deed to the 174.2 acre tract was

6

voidable. As such, she alleged, Harris's claim to have the deed set aside was barred by the four year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.051.

In order to conclusively establish her limitations defense, Gardner had to show that O.B. clearly repudiated Harris's interest in the property in order to begin the running of the three or five year statute of limitations. *See **Spiller***, 809 S.W.2d at 627; ***Thames***, 614 S.W.2d at 615. Although Gardner stated that before 1984, O.B. possessed the property, his possession was presumed to be in right of the common title, or as a cotenant with Harris. *See **Todd***, 365 S.W.2d at 156; ***Horlock v. Horlock***, 614 S.W.2d 478 (Tex. Civ. App.—Houston [14th Dist.]1981, writ ref'd n.r.e.) (stating that each cotenant is entitled to possession and that possession by one cotenant not generally adverse to the other). She provided no evidence to show that O.B. clearly repudiated Harris's interest in the property until he filed his answer to Harris's 1984 suit. *See **Spiller***, 809 S.W.2d at 627; ***Thames***, 614 S.W.2d at 615. Consequently, Gardner failed to conclusively establish her affirmative defense of limitations under the three year or five year statute.

Although Gardner alleged that the deed conveying the property to O.B. was a voidable deed, we have already determined that this deed was void *ab initio* and could not pass title to Harris's interest to O.B. *See **Sanchez***, 960 S.W.2d at 768. Thus, the four year statute of limitations is inapplicable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

In summary, Gardner failed to conclusively establish her affirmative defense of limitations under any of the statutes she cited. Therefore, the trial court erred in granting Gardner's traditional motion for summary judgment regarding that affirmative defense.

**Laches**

Further, Gardner alleged that she was entitled to summary judgment because Harris's claims were barred by the doctrine of laches. Laches is an affirmative defense with two essential elements: (1) an unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay. ***Rogers v. Ricane Enters., Inc.***, 772 S.W.2d 76, 80 (Tex. 1989); *see also **Fawcett, Ltd. v. Idaho N. & Pacific R. Co.***, 293 S.W.3d 240, 253 (Tex. App.—Eastland 2009, pet. denied).

Gardner claimed that allowing Harris to pursue this action after a lapse of over thirty years since the estates were partitioned would be a "grave injustice." Further, Gardner alleged that Harris cannot be allowed to make a claim against O.B.'s share of the estates because Harris sold most of the property she received in the family agreement. However, in order to conclusively establish her laches defense, Gardner must show that Harris unreasonably delayed asserting her legal rights to the 174.2 acre tract, and that Gardner made a good faith change of

position to her detriment because of that delay. *See **Rogers***, 772 S.W.2d at 80. Gardner presented no evidence that Harris delayed pursuing this action for thirty years and, instead, acknowledged that Harris filed suit against O.B. regarding this tract of land in 1984. Further, she presented no evidence that Harris ever dismissed or nonsuited the 1984 suit. Nor did Gardner present evidence showing that she or O.B. made a good faith change of position to their detriment because of any alleged delay on Harris's part. Because there is no evidence that Harris unreasonably delayed asserting her legal rights to the property or that O.B. or Gardner detrimentally relied on that alleged delay, Gardner failed to conclusively establish her affirmative defense of laches. *See **id**.* Therefore, the trial court erred in granting Gardner's traditional motion for summary judgment regarding her affirmative defense of laches.

**Waiver**

Finally, Gardner alleged that she was entitled to summary judgment because Harris's claims were barred by waiver. Waiver requires intent, either the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." ***In re Gen. Elec. Capital Corp.***, 203 S.W.3d 314, 316 (Tex. 2006) (orig. proceeding) (quoting ***Sun Exploration & Prod. Co. v. Benton***, 728 S.W.2d 35, 37 (Tex. 1987)). There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon the right. ***Jernigan v. Langley***, 111 S.W.3d 153, 156 (Tex. 2003). Gardner claimed that Harris's participation in the family agreement and accepting property in furtherance of the family agreement was inconsistent with her claim of ownership to the 174.2 acre tract, or O.B.'s share of the family agreement. Further, Gardner stated that Harris's conduct in selling the property that she received under the family agreement was inconsistent with her request to repartition Letha's and Retha's estates.

Gardner presented no evidence that Harris signed the proposed deed conveying her interest in the 174.2 acre tract to O.B. or took a position contrary to her claim of ownership of an undivided one-fourth interest in the 174.2 acre tract. Instead, the evidence shows that Harris refused to the sign the deed to the tract and filed suit in 1984 regarding her ownership interest in it. Moreover, Gardner presented no evidence that Harris requested that all the property in Letha's and Retha's estates be repartitioned. In her petition, Harris simply requested that the trial court partition the 174.2 acre tract because she owned an undivided one-fourth interest in it. Because there is no evidence that Harris intentionally relinquished her interest in the 174.2 acre tract or did anything inconsistent with her alleged ownership interest in the property, Gardner failed to conclusively establish her affirmative defense of waiver. *See **In re Gen. Elec. Capital Corp.***, 203 S.W.3d at 316; ***Jernigan***, 111 S.W.3d at 156. Therefore, the trial court erred in granting Gardner's traditional motion for summary judgment regarding her affirmative defense of waiver.

## Conclusion

Having concluded that Garner failed to meet her burden of proof on her traditional motion for summary judgment, we sustain that portion of Harris's sole issue regarding the traditional motion for summary judgment.

## **DISPOSITION**

Having sustained Harris's sole issue, we *reverse* the judgment of the trial court and *remand* for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered October 29, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

9