NO. 12-09-00271-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DOROTHY HARRIS a/k/a RUTH                  
§                  APPEAL FROM THE 294TH

ARMSTRONG HARRIS,

APPELLANT            

 

V.                                                                       
§                  JUDICIAL DISTRICT COURT

            

O. B. WATSON, HERBERT
GILLIAM,

RUBY INEZ SLATON, AND
SHIRLEY

JEAN PATTERSON,

APPELLEES                                                                §                   VAN
ZANDT COUNTY, TEXAS    







            MEMORANDUM
OPINION

            Dorothy Harris, also known as Ruth Armstrong Harris, appeals the trial
court’s summary judgment in favor of Ruby Inez Slaton Gardner.[1]  In one issue, Harris argues
that the trial court erred in granting Gardner’s traditional and no evidence
motion for summary judgment.  We reverse and remand.

 

Background

This
case involves a longstanding family dispute over a 174.2 acre tract of land in
Van Zandt County, Texas.  Letha Hazel Reed conveyed the tract to her sister,
Retha Watson, and Retha’s husband, O.B. Watson, but reserved a life estate. 
Letha died in 1976, and Retha died intestate a few months later. Approximately
two years later, O.B. and Retha’s children, Herbert Gilliam and Harris,
attempted to divide the real property in Letha’s and Retha’s estates.  A
worksheet from the meeting lists O.B.’s, Gilliam’s, and Harris’s names and,
under each name, the tracts of land that person would receive (the “family
agreement”). The worksheet shows that O.B. would receive two tracts—a 177 acre
tract and a 124 acre tract.  The 174.2 acre tract is not listed under any of
their names. On December 5, 1978, four deeds were signed that effectuated the
property division as shown on the worksheet. Sometime later, all four deeds
were recorded in the real property records of Van Zandt County.

Soon
after the four deeds were signed, O.B. sent a deed to Gilliam for both Gilliam
and Harris to sign. The deed, dated December 19, 1978, described the property
to be conveyed as the 174.2 acre tract and named O.B. as the grantee. But
Harris refused to sign the deed. That deed, signed by Gilliam, but not by
Harris, was recorded in the real property records of Van Zandt County. In 1979,
O.B. conveyed his interest in the 174.2 acre tract to his daughter, but
reserved a life estate.

In
1984, Harris filed suit against O.B. and Gilliam alleging, among other claims,
that she owned an undivided one-fourth interest in the 174.2 acre tract. Before
the suit could be resolved, both O.B. and Gilliam died.[2]  In 2004, Harris filed suit
against Gardner and Shirley Jean Patterson,[3] alleging
that she owned an undivided one-fourth interest in the 174.2 acre tract. She
also sought an accounting for any income received from the property.  Gardner
answered, but Patterson did not.  The trial court consolidated the 1984 suit
into the 2004 suit. In an amended counterclaim, Gardner sought to quiet title
to the 174.2 acre tract. She also asserted fraud and fraudulent
misrepresentation claims, and a contribution claim in the event the trial court
determined that Harris was the owner of an undivided one-fourth interest in the
tract. Further, Gardner sought specific performance of the family agreement, and
attorney’s fees. She also moved for a traditional and a no evidence summary
judgment. The trial court granted Gardner’s motion for summary judgment.[4]  This appeal followed. 

 

Standard of Review

The
movant for traditional summary judgment has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a
matter of law. See Tex. R. Civ.
P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548 (Tex. 1985).  A defendant who conclusively negates at least one essential
element of the nonmovant’s cause of action is entitled to summary judgment as
to that cause of action  See Randall's Food Mkts., Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995). Likewise, a defendant who conclusively
establishes each element of an affirmative defense is entitled to summary
judgment. Id. Once the movant has established a right to summary
judgment, the nonmovant has the burden to respond to the motion and present to
the trial court any issues that would preclude summary judgment.  See City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex.
1979). 

Additionally,
after an adequate time for discovery, a party without the burden of proof at
trial may move for summary judgment on the ground that there is no evidence of
one or more essential elements of a claim or defense.  See Tex. R. Civ. P. 166a(i).  Once a no
evidence motion has been filed in accordance with rule 166a(i), the burden
shifts to the nonmovant to bring forth evidence that raises a fact issue on the
challenged evidence. See Macias v. Fiesta Mart, Inc., 988 S.W.2d
316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  We review a no
evidence motion for summary judgment under the same legal sufficiency standards
as a directed verdict.  King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 750-51 (Tex. 2003).  A no evidence motion is properly granted if the
nonmovant fails to bring forth more than a scintilla of probative evidence to
raise a genuine issue of material fact as to an essential element of the
nonmovant’s claim on which the nonmovant would have the burden of proof at
trial. See id. at 751.  If the evidence supporting a finding
rises to a level that would enable reasonable, fair minded persons to differ in
their conclusions, then more than a scintilla of evidence exists.  Id. 
Less than a scintilla of evidence exists when the evidence is so weak as to do
no more than create a mere surmise or suspicion of a fact, and the legal effect
is that there is no evidence. See id.

            When
reviewing traditional and no evidence summary judgments, we review de novo the
entire record in the light most favorable to the nonmovant, indulging every
reasonable inference and resolving any doubts against the motion.  See Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006); KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  All
theories in support of or in opposition to a motion for summary judgment must
be presented in writing to the trial court. See Tex. R. Civ. P. 166a(c).  If the trial court’s order granting
summary judgment does not specify the grounds relied on for its ruling, we will
affirm it if any of the theories advanced are meritorious. State Farm
Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). When a
party moves for both a traditional and a no evidence summary judgment, we first
review the trial court’s summary judgment under the no evidence standard of rule
166a(i).  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.
2004).  If the no evidence summary judgment was properly granted, we do not
reach arguments under the traditional motion for summary judgment.  See id.


 

No Evidence Motion for Summary Judgment

As
part of her sole issue on appeal, Harris argues that the trial court erred in
granting Gardner’s no evidence motion for summary judgment. More specifically, Harris
contends that her summary judgment evidence negates the grounds underlying
Gardner’s no evidence motion.

Applicable
Law

            Property
acquired by gift during marriage is constitutionally and statutorily defined as
separate property. See Tex.
Const. art. XVI, § 15; Tex. Fam.
Code Ann. § 3.001(Vernon 2006). Where a gift is made to spouses jointly,
each spouse receives an undivided one-half interest as that spouse’s separate
property. Phillips v. Phillips, 296 S.W.3d 656, 669 n.4 (Tex.
App.—El Paso 2009, pet. denied); Roberts v. Roberts, 999 S.W.2d
424, 431 (Tex. App.—El Paso 1999, no pet.).            When a person dies
intestate, the surviving spouse is entitled to an estate for life in one-third
of the separate real property of the intestate decedent, and the children of
the intestate decedent are entitled to the remainder. See Tex. Prob. Code Ann. § 38(b)(1) (Vernon
2003). In other words, the children of the person dying intestate inherit the separate
real property, subject to the surviving spouse’s one-third life estate. See id.

            A
conveyance of an interest in real property must be in writing, signed by the
grantor, and delivered to the grantee. See Tex. Prop. Code Ann. § 5.021 (Vernon 2004); Adams v.
First Nat’l Bank of Bells/Savoy, 154 S.W.3d 859, 869 (Tex. App.—Dallas
2005, no pet.). A conveyance is effective and title is transferred when the deed
has been executed and delivered. Adams, 154 S.W.3d at 869. A deed
that is not signed by a grantor is void ab initio and cannot pass title.
See Sanchez v. Telles, 960 S.W.2d 762, 768 (Tex. App.—El Paso
1997, writ denied).

Analysis

In
her no evidence motion for summary judgment, Gardner alleged that there was no
evidence that the family agreement was “unfair or unequal.” She also alleged
that Harris complained that she “received a disproportionate share” of Letha’s
and Retha’s estates. However, Harris did not allege in her pleadings that the
family agreement was unfair or unequal or that the share she received was
disproportionate.  Instead, she asserted that the 174.2 acre tract was not part
of the family agreement.  Because Harris did not allege that the family
agreement should be set aside because it was unfair or unequal or because she
received a disproportionate share of the two estates, Gardner’s first basis for
her no evidence motion for summary judgment did not attack any element of
Harris’s claim and thus, cannot support summary judgment.  See King
Ranch, Inc., 118 S.W.3d at 751 (no evidence motion must be directed to
essential element of nonmovant’s claim on which nonmovant would have burden of
proof at trial); Weaver v. Highlands Ins. Co., 4 S.W.3d 826, 832
(Tex. App.—Houston [1st Dist.] 1999, no pet.).

            Gardner
also asserted there was no evidence that Harris had an ownership interest in
the 174.2 acre tract. In her response, Harris attached a copy of the deed showing
that Letha conveyed the property to Retha and O.B. “in consideration of the
natural love and affection I have for my beloved relatives,” but reserved a
life estate. Harris also attached a copy of an affidavit of Retha’s heirship
and marital history, showing that Retha died intestate, that she was survived
by two children, Gilliam and Harris, from a prior marriage, and that no
children were born to or adopted by Retha during her marriage to O.B. Further,
the uncontested facts show that O.B. died before the 2004 suit was filed. 

The
documents Harris provided, when read together, show that (1) Retha and O.B.
each acquired an undivided one-half interest in the 174.2 acre tract as their
separate property, (2) upon Retha’s death, her undivided one-half interest
passed to Gilliam and Harris in equal shares, subject to O.B.’s life estate,
and (3) O.B.’s one-third life estate has terminated. In other words, both Gilliam
and Harris owned an undivided one-fourth interest in the 174.2 acre tract,
subject to O.B.’s life estate. Thereafter, when O.B. died, Harris owned an
undivided one-fourth interest in the property in fee simple. Thus, Harris presented
more than a scintilla of probative evidence regarding whether she had an
interest in the property, which raised a genuine issue of material fact.
Therefore, the trial court erred in granting Gardner’s no evidence motion for
summary judgment.  Accordingly, we sustain that portion of Harris’s sole issue
regarding the no evidence motion for summary judgment.

 

Traditional Motion for Summary Judgment

            As
part of her sole issue on appeal, Harris argues that the trial court erred in
granting Gardner’s traditional motion for summary judgment. In her traditional
motion for summary judgment, Gardner alleged that she was entitled to summary
judgment as a matter of law on her counterclaim to quiet title. She also raised
three affirmative defenses: statute of limitations, laches, and waiver. 

 

The Family
Agreement

In
her traditional motion for summary judgment on her counterclaim, Gardner alleged
that the 174.2 acre tract was part of the family agreement. As evidence,
Gardner provided a copy of the deed conveying the property to O.B. that was
signed by Gilliam, but not by Harris.  She also provided a copy of a one page
worksheet showing that O.B. was to receive two tracts of land—a 177 acre tract
and a 124 acre tract—and O.B.’s deposition testimony.  Further, Gardner asserted
that Harris was given valuable consideration as part of the family agreement,
i.e., the “partitioning [of] the Estates of [Letha] and [Retha].” She urges
that, if Harris were allowed to take back the consideration she agreed to give,
i.e., the deed to O.B., the conveyances to Harris would fail for lack of
consideration. 

According
to the worksheet showing the division of the real property from Letha’s and
Retha’s estates, the property O.B. would receive did not include the 174.2 acre
tract. And Harris did not sign the deed conveying Gilliam’s and Harris’s
interest in the 174.2 acre tract to O.B. Because Gardner’s evidence did not
establish that the 174.2 acre tract was part of the family agreement or that
Harris conveyed her interest in the property to O.B., Gardner did not establish
that she was entitled to judgment on her counterclaim as a matter of law. See Tex. R. Civ. P. 166a(c); Nixon,
690 S.W.2d at 548.  Therefore, the trial court erred in granting Gardner’s
traditional motion for summary judgment on her counterclaim.

Statute of
Limitations

Gardner
also alleged that she was entitled to summary judgment because Harris’s claims were
barred by the statute of limitations. A person must bring suit to recover real
property held by another in peaceable and adverse possession under title or
color of title not later than three years after the day the cause of action
accrues.  Tex. Civ. Prac. & Rem.
Code Ann. § 16.024 (Vernon 2002).  A person must bring suit not later
than five years after the day the cause of action accrues to recover real property
held in peaceable and adverse possession by another who cultivates, uses, or
enjoys the property, pays applicable taxes on the property, and claims the
property under a duly registered deed.  Tex.
Civ. Prac. & Rem. Code Ann. § 16.025 (Vernon 2002). Every action for
which there is no express limitations period, except an action for the recovery
of real property, must be brought not later than four years after the day the
cause of action accrues.  Tex. Civ.
Prac. & Rem. Code Ann. § 16.051 (Vernon 2008). 

The
possession of a cotenant will be presumed to be in right of the common title.  Todd
v. Bruner, 365 S.W.2d 155, 156 (Tex. 1963). Therefore, a cotenant
cannot be permitted to claim the protection of the statute of limitations
unless it clearly appears that he has repudiated the title of his cotenant and
is holding adversely to it. Id. In other words, one cotenant
claiming adverse possession against another cotenant must repudiate title in
such a manner as to bring the repudiation to the notice of the other cotenant
to begin the running of the statute of limitations. Spiller v. Woodard,
809 S.W.2d 624, 627 (Tex. App.—Houston [1st Dist.] 1991, no writ); Thames
v. Johnson, 614 S.W.2d 612, 615 (Tex. Civ. App.—Texarkana 1981, no writ).

In
her summary judgment motion, Gardner alleged that O.B. possessed the property
for more than five years before Harris filed suit in 1984. Thus, she claimed
that Harris’s claim to the property was barred by the three and five year statutes
of limitations. See Tex. Civ.
Prac. & Rem. Code Ann. § 16.024-.025. Because the deed conveying the
property to O.B. did not include Harris’s signature, Gardner also asserted that
the deed to the 174.2 acre tract was voidable. As such, she alleged, Harris’s claim
to have the deed set aside was barred by the four year statute of limitations. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 16.051. 

In
order to conclusively establish her limitations defense, Gardner had to show
that O.B. clearly repudiated Harris’s interest in the property in order to
begin the running of the three or five year statute of limitations. See Spiller,
809 S.W.2d at 627; Thames, 614 S.W.2d at 615. Although Gardner
stated that before 1984, O.B. possessed the property, his possession was
presumed to be in right of the common title, or as a cotenant with Harris. See
Todd, 365 S.W.2d at 156; Horlock v. Horlock, 614
S.W.2d 478 (Tex. Civ. App.—Houston [14th Dist.]1981, writ ref’d n.r.e.)
(stating that each cotenant is entitled to possession and that possession by
one cotenant not generally adverse to the other).  She provided no evidence to
show that O.B. clearly repudiated Harris’s interest in the property until he
filed his answer to Harris’s 1984 suit. See Spiller, 809 S.W.2d
at 627; Thames, 614 S.W.2d at 615.  Consequently, Gardner failed
to conclusively establish her affirmative defense of limitations under the
three year or five year statute. 

Although
Gardner alleged that the deed conveying the property to O.B. was a voidable
deed, we have already determined that this deed was void ab initio and
could not pass title to Harris’s interest to O.B. See Sanchez,
960 S.W.2d at 768. Thus, the four year statute of limitations is inapplicable. See
Tex. Civ. Prac. & Rem. Code Ann. §
16.051.

In
summary, Gardner failed to conclusively establish her affirmative defense of limitations
under any of the statutes she cited.  Therefore, the trial court erred in
granting Gardner’s traditional motion for summary judgment regarding that
affirmative defense.

 

Laches

            Further,
Gardner alleged that she was entitled to summary judgment because Harris’s
claims were barred by the doctrine of laches. Laches is an affirmative defense with
two essential elements: (1) an unreasonable delay by one having legal or
equitable rights in asserting them; and (2) a good faith change of position by
another to his detriment because of the delay. Rogers v. Ricane Enters.,
Inc., 772 S.W.2d 76, 80 (Tex. 1989); see also Fawcett, Ltd. v.
Idaho N. & Pacific R. Co., 293 S.W.3d 240, 253 (Tex. App.—Eastland
2009, pet. denied).

Gardner
claimed that allowing Harris to pursue this action after a lapse of over thirty
years since the estates were partitioned would be a “grave injustice.” Further,
Gardner alleged that Harris cannot be allowed to make a claim against O.B.’s
share of the estates because Harris sold most of the property she received in
the family agreement. However, in order to conclusively establish her laches
defense, Gardner must show that Harris unreasonably delayed asserting her legal
rights to the 174.2 acre tract, and that Gardner made a good faith change of
position to her detriment because of that delay. See Rogers, 772
S.W.2d at 80. Gardner presented no evidence that Harris delayed pursuing this
action for thirty years and, instead, acknowledged that Harris filed suit against
O.B. regarding this tract of land in 1984. Further, she presented no evidence that
Harris ever dismissed or nonsuited the 1984 suit. Nor did Gardner present
evidence showing that she or O.B. made a good faith change of position to their
detriment because of any alleged delay on Harris’s part. Because there is no
evidence that Harris unreasonably delayed asserting her legal rights to the
property or that O.B. or Gardner detrimentally relied on that alleged delay, Gardner
failed to conclusively establish her affirmative defense of laches. See id.
Therefore, the trial court erred in granting Gardner’s traditional motion for
summary judgment regarding her affirmative defense of laches.

Waiver

            Finally,
Gardner alleged that she was entitled to summary judgment because Harris’s
claims were barred by waiver. Waiver requires intent, either the “intentional
relinquishment of a known right or intentional conduct inconsistent with
claiming that right.” In re Gen. Elec. Capital Corp., 203 S.W.3d
314, 316 (Tex. 2006) (orig. proceeding) (quoting Sun Exploration &
Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987)). There can be no
waiver of a right if the person sought to be charged with waiver says or does
nothing inconsistent with an intent to rely upon the right. Jernigan v.
Langley, 111 S.W.3d 153, 156 (Tex. 2003). Gardner claimed that Harris’s
participation in the family agreement and accepting property in furtherance of
the family agreement was inconsistent with her claim of ownership to the 174.2
acre tract, or O.B.’s share of the family agreement. Further, Gardner stated
that Harris’s conduct in selling the property that she received under the
family agreement was inconsistent with her request to repartition Letha’s and
Retha’s estates. 

Gardner
presented no evidence that Harris signed the proposed deed conveying her
interest in the 174.2 acre tract to O.B. or took a position contrary to her claim
of ownership of an undivided one-fourth interest in the 174.2 acre tract.
Instead, the evidence shows that Harris refused to the sign the deed to the
tract and filed suit in 1984 regarding her ownership interest in it. Moreover,
Gardner presented no evidence that Harris requested that all the property in
Letha’s and Retha’s estates be repartitioned. In her petition, Harris simply
requested that the trial court partition the 174.2 acre tract because she owned
an undivided one-fourth interest in it. Because there is no evidence that
Harris intentionally relinquished her interest in the 174.2 acre tract or did
anything inconsistent with her alleged ownership interest in the property,
Gardner failed to conclusively establish her affirmative defense of waiver. See
In re Gen. Elec. Capital Corp., 203 S.W.3d at 316; Jernigan,
111 S.W.3d at 156. Therefore, the trial court erred in granting Gardner’s
traditional motion for summary judgment regarding her affirmative defense of
waiver.

Conclusion

Having
concluded that Garner failed to meet her burden of proof on her traditional
motion for summary judgment, we sustain that portion of Harris’s sole issue
regarding the traditional motion for summary judgment.

 

Disposition

Having
sustained Harris’s sole issue, we reverse the judgment of the
trial court and remand for further proceedings consistent with this
opinion.

                                                                                                Brian Hoyle

                                                                                     
               Justice

 

 

Opinion delivered October 29,
2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(PUBLISH)









                [1]
Gardner was previously known as Ruby Inez Slaton. Her name changed during the
course of the litigation.

 





                [2]
The record does not indicate that a suggestion of death was filed or that an
administrator, executor, or heir appeared on behalf of either O.B. or Gilliam. 
See Tex. R. Civ. P. 152. 
There is a reference in the record that Gardner eventually asked that the 1984
suit be dismissed for want of prosecution, but it does not appear that Gardner
was ever a defendant in any capacity in the suit.

 





[3]
In the 2004 suit, Harris stated that Patterson, like Gardner, owned a
three-eighths interest in the 174.2 acre tract. However, the record does not
show how Patterson acquired this interest.

 





                [4]
Although the judgment does not specifically mention all the claims made by
Gardner and Harris and all of the parties, the judgment contains a Mother
Hubbard clause stating that “[a]ll requested relief not herein expressly
granted is denied.”  Further, the judgment includes unequivocal language
indicating finality, stating that “[t]his [judgment] is intended to be a final
and appealable Order fully disposing of all claims made by and against all
parties.”  Thus, the judgment is final, and we have jurisdiction over this
appeal.  See In re Burlington Coat Factory Warehouse of McAllen, Inc.,
167 S.W.3d 827, 830 (Tex. 2005).